WILLIAM WILMERTON

*v.*

WILLIAM N. PHILLIPS.

*Filed at Ottawa May 12, 1882.*

1. REMOVING CLOUD UPON TITLE—*reimbursing purchaser at tax sale—effect of illegality of tax.* Upon bill in chancery to remove a cloud upon the title to land, the alleged cloud consisting of a tax deed, the defendant claiming under the tax deed, and who was the purchaser at the sale of the land for taxes, insisted, if his title should be set aside he ought at least to be reimbursed the amount he had paid at the tax sale. The taxes for the non-payment of which the land was sold had been assessed upon personal property in a district in which the property was not liable to the assessment, so there was no obligation on the part of the owner of the land to pay them. Hence the entire proceedings concerning the levy of the tax and the sale of the land therefor were void, and the purchaser at the tax sale was not enti-

tled to be reimbursed the amount he paid at that sale, as a condition to the granting of the relief sought by the bill.

2. Purchasers at tax sales are bound to know at their peril that the supposed delinquent is in truth and in fact a delinquent,—that he has been lawfully assessed, and has failed to make payment.

APPEAL from the Circuit Court of Mercer county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. TALIAFERRO & CONNELL, for the appellant:

Where the owner of land seeks to have a tax title on the same set aside as a cloud on his title, he must first pay or offer to pay the amount of the sale, with interest thereon, and the subsequent taxes paid by the holder of the tax certificate or deed. *Farwell* v. *Harding*, 96 Ill. 32; *Phelps et al.* v. *Harding*, 87 id. 442.

If the personal tax was wrongfully assessed, the remedy was before the town board of review, or before the county board. Hurd's Stat. 1881, ch. 120, secs. 86, 97.

The appellee could, and ought to, have appeared before the county court on the day set for taking judgment against the land for taxes. Hurd's Stat. 1881, sec. 191.

Appellee was notified of the extension of this tax against the lot, in accordance with sec. 183 of the Revenue law, and wrote a letter to the collector absolutely refusing to pay the tax, and threatening to prosecute the collector if he sold the land for the taxes. He can not sleep upon his rights, and let all legal opportunities pass given him to correct an illegal assessment, and then claim the right to take the incumbrance off without reimbursing the purchaser for the moneys paid by him, without notice of any defect in the proceedings.

Messrs. BASSETT & WHARTON, for the appellee:

The only point seriously urged by appellant is, that the court set aside the tax deed without requiring appellee to pay him the money he had paid at the tax sale. The cases cited were all based on that of *Reed* v. *Tyler*, 56 Ill. 288.

In all these cases the land was sold for taxes due on the assessment of the land, and the titles were set aside because the proceedings to sell the land were irregular or illegal. In those cases the owner was benefited by the payment of taxes which were a lien on his land. But these cases have no application here, because the assessment here and the levy of the tax were without any foundation, and were a fraud on appellee. He had no property in the township liable to assessment, and knew nothing of the assessment until long after the warrant was issued for the collection of the taxes. Having no property in the town liable to assessment, the assessment and levy of taxes will be enjoined by the courts, without the imposition of terms. *Union Trust Co.* v. *Webber,* 86 Ill. 502; *Kimball* v. *Trust Co.* 89 id. 611; *Bank of Shawneetown* v. *Cooley,* 77 id. 622; *Supervisors* v. *Webber,* 53 id. 141.

*Lee* v. *Ruggles,* 52 Ill. 428, is a case precisely in point, and the court distinguishes that case from *Reed* v. *Tyler.* The same principle is sustained in *Conwell* v. *Watkins,* 71 Ill. 489; *Hodgen* v. *Gettings,* 58 id. 431; *Stout* v. *Cook,* 37 id. 285; *Forman* v. *Stickney,* 77 id. 579; *Lawrence* v. *Miller,* 86 id. 502; *Campbell* v. *McCohen,* 41 id. 45; *Conklin* v. *Foster,* 57 id. 104.

As to the judgment there was only constructive service. They did not appear and defend, and therefore are not estopped from now denying the validity of the tax and judgment. *Belleville Nail Co.* v. *Webber,* 98 Ill. 399; *Tucker* v. *Conwell,* 67 id. 552; *Flower* v. *Elwood,* 66 id. 434.

The appellant can not claim that he was an innocent purchaser. The rule of *caveat emptor* applies. *Conwell* v. *Watkins,* 71 Ill. 484.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

This is a bill to set aside a tax deed as a cloud upon the title of appellee to a tract of land situate in North Henderson township, Mercer county, this State.

The uncontroverted facts are, that the assessor of said township made a personal property assessment against Phillips, Carmichael & Co., for the year 1875, upon which a tax of $99 was levied against them. This tax not having been paid, the same was extended against the land in controversy, which belonged to appellee, who was at the time a member of the firm of Phillips, Carmichael & Co. The land was subsequently sold to satisfy this tax, appellant becoming the purchaser, who in due time received a tax deed therefor. The firm of Phillips, Carmichael & Co., at the time of the assessment and tax proceedings, was doing business in Chicago, and was composed of appellee, Thomas S. Phillips, and George S. Carmichael, appellee being a resident of Galesburg, Knox county, and the other members, of Chicago, where the partnership business was carried on. Neither the firm nor appellee, at the time of said assessment, was the owner of any personal estate or property of any description in said township, nor was said firm, or either of the members thereof, doing business there at that time, nor were they, or either of them, liable to the assessment made against them. Under these facts the circuit court of Mercer county held the tax proceedings, culminating in a tax deed to appellee's land, unauthorized and void, and thereupon entered a decree accordingly.

Appellant brings the case here by appeal, and asks a reversal, on the ground appellee did not, by his bill or otherwise, offer to reimburse appellant the amount paid by him for the land at the tax sale, and in support of this position his counsel cite *Farwell* v. *Harding*, 96 Ill. 32; *Phelps* v. *Harding*, 87 id. 442; *Barnett* v. *Cline*, 60 id. 205.

The cases relied on are not applicable to the facts in this case. Had appellee been under any legal liability or obligation to pay the tax for which the land in this case was sold, then the above authorities would be in point, but such is not the case. As we have already seen, neither the firm of Phil-

lips, Carmichael & Co., nor any of its members, were liable to a personal tax assessment in the township, hence the assessment, levy, and all proceedings relating to the matter, were and are absolutely null and void. And appellee having con-. sequently incurred no liability with respect to the same, it would be simply a tax upon justice to deny him relief except upon the condition that he should pay a sum of money that he never owed, and which he was therefore under no legal or moral obligation to pay. Purchasers at tax sales, while availing themselves of the opportunity of obtaining highly remunerative profits on small investments, are bound to know at their peril, when purchasing at a tax sale, that the supposed delinquent is in truth and in fact a delinquent,—that he has been lawfully assessed, and has failed to make payment, etc.

The decree of the circuit court was clearly right, and will therefore be affirmed.                    *Decree affirmed.*

Mr. JUSTICE WALKER: There is no proof that complainant was the owner of the land, and he had no right to relief unless he proved he held title. A mere stranger has no right to intermeddle with other men's titles or purchases of land for taxes.

Mr. JUSTICE SCOTT: I do not concur either in the reasoning or the conclusion of the majority opinion of the court.