Z. B. JOB *et al.*

*v.*

THE PEOPLE *ex rel.* Tetherington, County Collector.

| 193 | 609 |
|-----|-----|
| 201 | 342 |
| 103a | 430 |

*Opinion filed December 18, 1901.*

SIDEWALKS—*Sidewalk act of 1875 does not authorize cost of curbing street to be included.* Under the Sidewalk act of 1875 the power of the city is limited to the exaction of special taxes to pay the cost of constructing sidewalks, and does not authorize the inclusion of the cost of curbing the street by making the curb-stones the outer edge of the sidewalk.

APPEAL from the County Court of Madison county; the Hon. WILLIAM P. EARLY, Judge, presiding.

A. W. HOPE, for appellants.

B. J. O'NEIL, Corporation Counsel, and LEVI DAVIS, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

On the 10th day of August, 1897, the city council of the city of Alton adopted an ordinance providing for the construction of a sidewalk on Third street, from Cherry street to Shields street, in said city, the cost thereof to be paid by special taxation of the lots, blocks, tracts or parcels of land abutting upon the street, in proportion to

their frontage. The appellants, Job and Chessen, who owned a number of lots abutting on said proposed improvement, did not construct the walk provided for by the ordinance nor did they pay the cost thereof to the city, and the same was extended as a special tax against each of said lots and was returned as delinquent and unpaid. The county collector of Madison county applied to the county court of that county for a judgment and order of sale of said lots for such delinquent special taxes. Objections presented by the appellants to the prayer of the application were overruled and judgment awarded the collector. The appellants have brought the record of the judgment of the county court before us by this appeal.

The ordinance was adopted under the authority of an act entitled "An act to provide additional means for the construction of sidewalks in cities, towns and villages," approved April 15, 1875. Section 1 of the ordinance is as follows:

"Sec. 1. That a sidewalk six feet [in] width and of the length hereinafter specified shall be built of good hard-burned brick, laid flat side down and close together, on a bed of six inches of sand, said sidewalk to be laid between the property line and the curb line of the street or streets along which it is built,—that is to say, that the said sidewalk shall be fully six feet in width, leaving six feet between the inside edge of the sidewalk and the property line, the said curbing to be put in along the edge of said sidewalk and twelve (12) feet from the property line, said curbing to be of a good quality of Alton limestone, set on edge, and to be four (4) inches thick, twenty-four (24) inches in depth, and no stone to be less than three (3) feet in length, and to be bush-hammered twelve (12) inches down the face and four (4) inches on top and six' (6) inches down the back, said sidewalk to be laid upon an even grade, and under the supervision and subject to the approval of the city engineer, touching on the line of the following blocks, tracts," etc.

It will be observed that the ordinance so locates the proposed improvement that the outer edge of the walk shall be at the curb line of the roadway of the street, and that a curbing of stone is required at the outer edge of the sidewalk. It then provides that "said curbing shall be put in along the edge of said sidewalk and twelve feet from the property line," and prescribes the quality of stone of which the curbing shall be composed and the size and finish of the curb-stones; that each stone shall be at least three feet in length, four inches thick and twenty-four inches in depth, and that each stone shall be bush-hammered on top and six inches down on the side next to the sidewalk, and twelve inches down on the side of the stone which faces the roadway of the street. It seems undeniable these curb-stones so required by the ordinance to be placed at the curb line of the street, and bush-hammered twelve inches down the "face" thereof,—that is, the side of the stone next to the street, —are not intended so much to serve as a part of the sidewalk as to serve as a curbing for the roadway of the street. The record discloses that such is the interpretation given the ordinance by counsel for appellee. Objectors produced as witnesses the city engineer, the ex-city engineer and another civil engineer of long experience, each of whom testified he could not ascertain from the face of the ordinance the grade of the sidewalk or the height at which the curb-stones were to be set. Counsel for appellee, in order to avoid the force and effect of this testimony, produced in evidence an ordinance of the city of Alton entitled "An ordinance to establish the height curb-stones shall be set and re-set." Section 1 of this ordinance provided that all curb-stones in the city should be set at a uniform height of seven inches above the pavement of all paved streets, and that the top of all curb-stones should be at the grade line and seven inches above the gutter of the street. The curb-stones referred to in this ordinance do not constitute a part of the

sidewalks of the city, but of the gutters and curbing of the streets of the city.

Counsel for appellee clearly construed the ordinance providing for the sidewalk in question to also provide for the construction of the curbing of the roadway of the street. We are unable to escape the conclusion it was the purpose, and it clearly is the effect, of this ordinance, if it is held valid, not only to cast upon the abutting property owners the burden of defraying the cost of the sidewalk, but to impose upon such lot owners the additional burden of paying the cost of providing the curbstones for the gutters of the roadway of the street. The curb of the gutters of a street is not a part of a sidewalk, within the meaning of the statute under which the city council were authorized to pass an ordinance to exact from the citizens, by a special tax, based, not on benefits, but on the proportionate frontage of the lots, the entire cost of a sidewalk. The statute under which this ordinance was passed conferred no power on the city council to adopt an ordinance for the construction of the road-bed or curbing of the gutters of the street or any portion of the roadway or street curbing. The extent of the power of the city council to impose the burden of special taxation upon the citizen, under the authority of this statute, is limited to the exaction of special taxes to pay the cost of constructing sidewalks. Power is conferred upon city councils by section 1 of the act entitled "An act concerning local improvements," in force July 1, 1897, (Hurd's Stat. 1899, p. 362,) to make local improvements by special taxation, but only when recommended by the board of local improvements authorized to be created by the said act. At the time of the passage of the ordinance here under consideration the power possessed by the city council of the city of Alton was that given by the said act of April 15, 1875. As we have seen, that act conferred no power or authority on the city council to order the construction of the curbing for the road-

way of the street, but only for the building of sidewalks.
We regard the ordinance, on its face, as an attempt to
provide the city with curbing for the gutters of the streets
at the expense of the abutting property owners under the
guise of requiring said lot owners to construct a side-
walk.   It may also be here noted it appears from the
record the expense of providing the curb-stones required
by the ordinance and included in the special tax bills
allowed by the county court greatly exceeded the total
cost of the paving brick and sand, and laying same in
place, in the entire sidewalk in front of the objectors'
property.   The ordinance we regard as a perversion of
the power intended to be granted the city council by the
statute in question.

    In other respects the ordinance was fatally defective.
It provides the sidewalk shall be laid on "an even grade,"
and contains no other specification as to the grade.
When it was adopted there was in force a general ordi-
nance specifying the grade of certain streets of the city,
including that of Third street, but the ordinance under
consideration makes no reference to this general ordi-
nance.   On October 12, 1897,—about sixty days after the
adoption of the sidewalk ordinance,—the city council of
the city of Alton adopted another ordinance changing
the grade of certain streets of the city, including that of
Third street, as fixed by that of the former general ordi-
nance, and repealed the former general ordinance which
established the grade of said Third street when said side-
walk ordinance was adopted.   The later ordinance re-
lating to grade changed the grade of that part of Third
street along which the ordinance under consideration re-
quired said sidewalk to be laid, reducing it at some points
two feet and in others seven feet.   The city engineer tes-
tified that the city constructed the walk in accordance
with the grade as fixed and changed by the later ordi-
nance.   Unaided by any testimony showing that the words
"even grade" have some special and well established

technical meaning, it seems to us the ordinance fails to direct the grade of the walk or the height of the curbing. As we before remarked, the civil engineers who were called as witnesses testified the words "even grade" did not convey any meaning to them as to the grade of the walk or the height the curb-stones were to be set. There is no reference in the ordinance providing for the sidewalk to a then existing general ordinance fixing the grade of the streets of the city. Had there been such reference, so that such general ordinance could be read into the ordinance providing for the construction of the sidewalk, the difficulty would not be removed, for the reason in the construction of the sidewalk no attempt was made to observe the provisions of the general ordinance in force when the sidewalk was adopted, but the walk was constructed in conformity with another and a later ordinance changing the grade of the street as fixed by the former general ordinance. The latter of the general ordinances lowered the grade at some points two feet and at others seven feet. The sidewalk constructed in compliance with the grade as so lowered would materially affect the cost of excavations and fills, and the testimony disclosed that the ground upon and along which the sidewalk was to be laid was rough, uneven and hilly,—so much so, that in front of some of the lots of appellant Job the level of the sidewalk, as constructed, is as much as twenty feet above the line of the lots.

It is unnecessary to refer to other objections that are argued by counsel for appellants.

For the reasons indicated herein the ordinance must be regarded as invalid. The county court erred in enforcing it against the property of the appellants, and its judgment must be and is reversed, and the cause is remanded for further proceedings consistent with this opinion.                    *Reversed and remanded.*