Boals v. Bachmann.

---

### Manuel H. Boals v. Adam H. Bachmann et al.

1. SIDEWALKS—*Whether Curbing is a Part of, is a Question of Fact.* —Whether a curbing in any particular case is a part of a sidewalk, is, in the first instance, a question of fact and not of law.

2. TAX SALES—*Judgment of County Court Conclusive.*—The judgment of the County Court against the owner of land, for taxes, where it has jurisdiction of both the subject-matter and of the owner, standing as it does in full force, is conclusive of the legality of the tax, for the purpose of fixing the basis for equitable redemption between the land owner and the tax sale purchaser.

3. CLOUD UPON TITLE—*Equitable Redemption to Remove.*—In order to have a cloud upon a title removed by an equitable redemption, complainant must tender or offer to pay the holder of the certificate the purchase money and all taxes he has paid, with the interest thereon, before he can have relief.

**Bill to Enjoin Application for and Issuance of a Tax Deed.—**
Appeal from the Circuit Court of Madison County; the Hon. MARTIN
W. SCHAEFER, Judge presiding. Heard in this court at the February
term, 1902. Affirmed. Opinion filed September 11, 1902.

LEVI DAVIS, attorney for appellant.

The curbing is a part of the street, and it is not in the
power of the city to impose the cost thereof as part of the
cost of a sidewalk under the Sidewalk Act of 1875. Job
et al. v. The People ex rel., 193 Ill. 609.

McHALE & SUMNER, attorneys for appellees.

Where the owner of land seeks the aid of a court of equity
to set aside certain tax sales as a cloud upon his title, alleg-
ing irregularities in respect thereto, the relief will be
granted only upon equitable terms, as, that he shall pay to
the holder of the certificates of such sales the amount
expressed therein, together with subsequent taxes paid on
the land by such holders. Farwell v. Harding, 96 Ill. 32.

The proper condition to be imposed upon setting aside a
tax deed is to require the complainant to pay the amount
paid at the sale, with all subsequently paid taxes and assess-
ments, together with interest thereon at six per cent per
annum. Gage v. Waterman, 121 Ill. 115.

A judgment confirming a special assessment can not be
collaterally attacked except for matters going to the juris-
diction of the court to render judgment. Johnson v. The
People, 189 Ill. 83.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a bill in chancery in the Circuit Court of Mad-
ison County, by appellant against appellees, to enjoin
appellee Bachmann from applying for a tax deed, and to
restrain appellee Riniker, as county clerk of Madison county,
from issuing such deed. The court, upon final hearing,
granted the prayer of appellant's bill, upon condition that
he should pay appellee Bachmann the sum of $235, with
interest at the rate of five per cent per annum from the
date of the decree, and pay costs; the $235 being the
aggregate of the amount paid by Bachmann at the tax sale,

and for subsequent taxes, with legal interest thereon to the date of the decree. From this decree appellant appeals, and contends that the amount he is required by the decree to pay to appellee is inequitable.

Appellant owned 288½ feet of frontage on a certain public street in the city of Alton. The city council passed an ordinance requiring the construction of a brick sidewalk upon the street in front of appellant's and other properties. The walk to be eight feet wide, laid in the center of a strip of ground twelve feet in width, leaving two feet on either side of the walk, stone curbing to be put in along the sidewalk twelve feet from the property line; and that the same should be paid for by special taxation of the abutting property. The cost of such of the work as the city caused to be done in front of appellant's property amounted to the sum of $124.60, and consisted of $109.71 for the curbing and $14.80 for brick work. A bill of the cost of this work, purporting to be a bill for the cost of sidewalk, was filed in the office of the city clerk. The city clerk made up a tax list and issued a warrant to the city collector. The sum assessed against appellant's property was not paid, and the city collector returned the warrant "no property found," and thereupon the city clerk made his report to the county collector, wherein appellant's property was reported delinquent. Due publication was made, appellant did not appear or present any objections, and the county clerk entered judgment against his property for $126.13, which sum includes the interest and penalties provided by law. In due course and form appellant's property was sold and appellee Bachmann became the purchaser for the amount of the judgment, received a certificate of purchase therefor, and at the time appellant filed his bill herein had paid subsequently accrued tax in the additional sum of $72.30.

Appellant's counsel contends that the curbing was not a part of the sidewalk, and therefore the item of the levy to pay its cost was illegal, and that because of such illegality it was error on the part of the Circuit Court to require appellant to repay that sum, with interest thereon, to appellee Bachmann.

Whether a curbing in any particular case is a part of a sidewalk, is, in the first instance, a question of fact and not of law. This question should have been raised by objection in the County Court, as was done in Job v. The People, 193 Ill. 609. At the time the County Court rendered the judgment in this case it had jurisdiction of both the subject-matter and of appellant, and its judgment, standing, as it does, in full force, is conclusive of the legality of the tax, for the purpose of fixing the basis for equitable redemption between the land owner and tax sale purchaser. In Moore v. Wayman, 107 Ill. 192, our Supreme Court says:

"If objections existed, they should have been made when application was made for judgment. It would be highly inequitable and unjust to permit owners to lie by and permit judgments to go against their land, a sale to be made, the land purchased, and the tax to be paid by the purchaser, * * * and compel him to sustain the loss. * * * Such injustice can not be tolerated by the courts. * * * If it (the bill) is placed on the ground that complainant may have the sale canceled by an equitable redemption to remove a cloud from the title, then it is the settled law of this court that complainant must tender or offer to pay the holder of the certificate the purchase money and all taxes he has paid, with the interest thereon, before he can have relief."

To the same effect are Gage v. Waterman, 121 Ill. 115; Phelps v. Harding, 87 Ill. 442; Farwell v. Harding, 96 Ill. 36; Reed v. Tyler, 56 Ill. 288; Reed v. Reber, 62 Ill. 240; Barnett v. Cline, 60 Ill. 205. Many other cases might be cited. The requirement is based upon the fundamental rule that he who seeks equity must do equity. The case of Miller v. Cook, 135 Ill. 190, cited and relied on by counsel for appellant, is not applicable. The controversy in that case was between a mortgagee and a tax sale purchaser, and not between a land owner and such purchaser. The County Court had no jurisdiction of the person of the mortgagee when it rendered the judgment and entered the order of sale. And in that case the tax sale purchaser had notice before he purchased that a portion of the tax included in the judgment had been paid, and that another portion was

illegal. The mortgagor was insolvent and the mortgaged premises were not worth the amount of the debt and interest. The case being in equity the court applied equitable principles to the particular facts of that particular case, as did the learned chancellor of the Circuit Court in the case at bar. We find no error in this record. The decree of the Circuit Court is affirmed.