MANUEL H. BOALS

*v.*

ADAM H. BACHMANN *et al.*

*Opinion filed February 18, 1903.*

1. SPECIAL TAXATION—*Sidewalk act of 1875 is limited to construction of sidewalks.* A city has no power, under the Sidewalk act of 1875, to pass an ordinance for the construction, by special taxation, of a sidewalk and curb, the latter to be set two feet from the edge of the walk and in no sense a part of it.

2. SAME—*when judgment of sale is not conclusive as to legality of tax.* Failure of the owner of property to object to the entry of judgment of sale for a special tax levied under an ordinance which the city had no power to pass, does not preclude him from attacking the validity of the tax and the judgment of sale collaterally.

3. TAX SALES—*purchaser is bound to know that owner is in truth a delinquent.* A purchaser at a delinquent tax sale is bound to know that the tax has been lawfully assessed against the owner and that he has failed to make payment.

4. SAME—*when re-payment of an illegal tax is not a condition to relief against sale.* Re-payment to the purchaser of the amount paid by him at the tax sale is not a condition precedent to the owner's right to have the tax sale set aside or to enjoin the issue of a tax deed on such sale, where the tax is illegal and void.

*Boals* v. *Bachmann*, 103 Ill. App. 427, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Madison county; the Hon. M. W. SCHAEFER, Judge, presiding.

LEVI DAVIS, for appellant.

MCHALE & SUMNER, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an appeal from the Appellate Court for the Fourth District, seeking to reverse a judgment rendered there, affirming a decree of the circuit court of Madison county in a proceeding in chancery in that court by Manuel H. Boals, appellant, against Adam H. Bachmann and Henry Riniker, to enjoin the former, who held a tax certificate, from applying for, and to restrain the latter, as county clerk of Madison county, from issuing, a tax deed for the delinquent taxes which had been levied against appellant's property for the purpose of constructing a sidewalk and stone curbing in front of his property, in the city of Alton. The circuit court granted the prayer of the bill upon condition that the appellant should pay Boals $235, with interest at five per cent from the date of the decree, and costs of suit. This sum of $235 is made up of $109.75 taxes for the stone curbing, $14.89 expended by the city in constructing a driveway across the sidewalk, and $71.01 subsequent general taxes, with interest on the several amounts to the date of the decree. Appellant offered to pay the general taxes subsequently paid, and also the sum of $14.89, but his sole contention urged in the circuit court and the Appellate Court was, and again here is, that the sum of $109.75 of the taxes which represent the cost of the stone curbing was illegally levied, and therefore he should not be compelled to pay it. In other words, his position is, that although the whole tax is void, yet he is willing to pay all but that part which was expended by the city in the construction of the stone curbing.

The city of Alton passed an ordinance providing for the construction of an eight-foot brick sidewalk upon the street in front of appellant's property, laid in the center

of a strip of ground twelve feet in width, leaving two feet on either side of the walk; also a stone curbing to be constructed twelve feet from the property line, and that the same should be paid for by special taxation of the abutting property. Appellant already had a stone walk in front of his property, and no work was done in the construction of the new sidewalk except a driveway from the street in to appellant's property. A bill of the cost of the work was filed in the office of the city clerk, who made up a tax list and issued a warrant to the city collector. The sum was assessed against appellant's property, but was not paid, and the tax was reported delinquent. Application for a judgment was made, and the county court, in the absence of any objections, entered judgment against his property for $126.13, and the property was sold to appellee Bachmann, who received a certificate of purchase.

The city council undertook to build this sidewalk under the Sidewalk act of 1875. It is well settled that other improvements, not necessarily a part of the sidewalk, cannot be constructed under that act. The curbing, in this instance, was to be set two feet from the walk, and was in no sense a part of it. The city council had no power, under this act, to pass an ordinance for the construction of the curbing, together with the walk, by special taxation. The ordinance being void in that regard, the tax was illegally levied against appellant's property. *Job* v. *People,* 193 Ill. 609; *People* v. *Field,* 197 id. 568.

Counsel for appellees contend that the objection to the validity of the tax cannot be made in this proceeding; that it was appellant's duty to enter his objection when the application was made for a judgment against the property as delinquent, and that the objection made now is a collateral attack upon that judgment. This point was urged in *Riverside Co.* v. *Howell,* 113 Ill. 256, in an action of ejectment, the defendant claiming title un-

der a tax deed, the validity of which was put in issue. There, as here, the owner of the property, though notified according to law, failed to appear and object to the tax upon application for judgment. It was held that the sale was void, and a judgment against land by default for delinquent taxes not conclusive against the owner as to the legality of all the taxes included in the judgment, and he may show that a part of the tax is illegal, and defeat the sale, even in a collateral proceeding. Purchasers at tax sales are bound to know that the supposed delinquent is in truth a delinquent,—"that he has been lawfully assessed and has failed to make payment." *Wilmerton* v. *Phillips,* 103 Ill. 78.

It is a maxim in chancery that he who seeks equity must do equity, and we have always held that upon a bill to set aside a tax sale or tax deed, relief will be granted the complainant only upon condition that he re-pay the legal taxes and costs paid out by the purchaser. But that rule can have no application to a case where the tax is illegal and void, for the simple reason that to require the payment of an unauthorized tax as a condition precedent to setting aside the sale would result in compelling, by indirection, the payment of the unauthorized tax. *Wilmerton* v. *Phillips, supra; Riverside Co.* v. *Howell, supra; Miller* v. *Cook,* 135 Ill. 190; *Langlois* v. *Cameron, (ante,* p. 301.)

We think the circuit court erred in so much of its decree as required the complainant to pay the illegal tax as a condition to the relief prayed, and that the Appellate Court erred in affirming that judgment.

The judgments of the Appellate and circuit courts will be reversed and the cause remanded to the circuit court, with directions to render a decree in conformity with the views herein expressed.

*Reversed and remanded.*