## Jacob Glos et al. v. Richard J. Collins.

1. SPECIAL ASSESSMENTS—*County Court Has No Power to Order Sale of Property After Judgment of Confirmation Has Been Reversed.*—The County Court has no power to order a sale of property for a failure to pay an installment of a special assessment, after the judgment of confirmation has been reversed. Such act is without the jurisdiction of the court.

2. ORDINANCES—*Steps Taken Under an Invalid Ordinance Are Void.*—All steps taken under an invalid ordinance are void.

3. TAXATION—*Judgment for Taxes Not Conclusive Evidence of Validity of Sale, When.*—Where the County Court had no jurisdiction to order a sale of property for a failure to pay a special assessment, the property comes within the exception contained in Sec. 224, Chap. 120, R. S., that the real estate was not liable to the tax or assessment, and in such case the judgment for taxes is not conclusive evidence of the validity of the tax sale.

4. SAME—*Purchaser at Tax Sale Takes Chance that the Owner is Not Delinquent.*—A purchaser at a tax sale takes the chance that the owner was not delinquent and that the property was not legally assessed.

5. SAME—*Owner Need Not Repay Illegal Assessments in Order to Get Relief.*—The owner of property sold at an invalid tax sale is under no obligation to repay the purchaser the amount of the assessments which he never owed and for which his property was never liable, before the court will grant him relief.

6. COSTS—*When Decree for Costs Against One Holding a Tax Certificate or Deed Can Not be Entered.*—A decree for costs against one holding a tax certificate or a tax deed can not be entered until after he has been placed in the position of refusing to do equity.

7. JUDGMENTS—*Void Judgments May Be Attacked Collaterally.*—A void judgment can be attacked collaterally.

8. SAME—*Setting Aside Tax Sales—Claimant Must Pay All Subsequent Legal Taxes.*—Where a purchaser of lots at an invalid tax sale afterward pays other and valid taxes on the property, the owner of the lots, before he can have the benefit of a judgment or decree setting aside the sale, must repay such legal taxes under Sec. 224, Ch. 120, R. S.

**Bill to Remove a Cloud.**—Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge presiding.   Heard in this court at the October term, 1902.   Reversed and remanded.   Opinion filed October 15, 1903.

Appellee was the owner of five certain lots situate in the city of Chicago.  In June, 1896, the city passed an ordi-

nance for the improvement of Clifton Park avenue, the cost of which was to be paid by special assessments on the property benefited, to be collected in five installments. The assessment was made and it was confirmed by the County Court, the amount assessed against each of said lots being in excess of $300. The first and second installments were paid. Then appellee sued out a writ of error. The Supreme Court in Foss v. City of Chicago, 184 Ill. 436, reversed the judgment of confirmation on the lots in question and remanded the case. A copy of the reversing and remanding order was filed in the County Court May 7, 1900. Notwithstanding this decision these lots were returned delinquent for the third installment of said assessment, and a judgment for sale was entered. October 26, 1900, appellant Glos, ignorant of the foregoing facts, purchased these lots at the tax sale for $464.60, and received certificates of tax sale thereon. October 12 and 25, 1901, appellant Glos paid certain other special assessments, amounting to $101.87, upon two of these lots.

October 12, 1901, appellee filed a bill alleging that he is the owner and is in possession of said lots; setting up the ordinance for the improvement of Clifton Park avenue *in extenso;* states the further proceedings which resulted in judgment of confirmation of the assessment roll based upon said ordinance in the County Court; that a writ of error was sued out and made a supersedeas, and that the Supreme Court reversed such judgment of confirmation at the February, 1900, term of said court, holding the same to be null and void and of no force and effect, and that said reversing order was filed in the County Court May 7, 1900; that despite the decision of the Supreme Court the city of Chicago October 26, 1900, sold said lots for the third installment to appellant Glos. The bill then avers that such sale is a cloud upon his title to said lots, and should be set aside, etc. It makes Glos and Philip Knopf, county clerk, defendants, asks for answers under oath, for an injunction against issuing a deed to Glos, that the tax sale certificates be set aside as clouds, and that it be decreed that Glos has no interest in the property under said sales, and for general relief.

Glos v. Collins.

The answer of Glos leaves appellant to make proof of his ownership of said lots; alleges that appellee made no objection or defense to the entry of said judgment; that the sale was regular and appellant bought said lots in good faith, paying therefor the sum of $464.60, and had since paid other special assessments on two of said lots in the sum of $101.78, and that if the sale be annulled appellant should be repaid these moneys; that the bill is bad because it contains no offer to refund such moneys; and calls upon appellee to make proof of such alleged invalidity. The answer of Knopf, the county clerk, sets up the proceedings in the County Court, etc., and says that he has no interest in the matter save to perform his official duties, etc.

Appellee put in evidence a deed from Patrick H. O'Donnell, administrator, etc., to appellee, and the proceedings of the Probate Court authorizing the sale; the *scire facias* and supersedeas from the Supreme Court, accompanied by proof of service of the same on the county treasurer October 25, 1899; and the order of reversal, which was filed in the County Court May 7, 1900.

Appellant Glos offered evidence tending to prove that he purchased said lots at the tax sale October 26, 1900, and paid other special assessments upon two of said lots for the several sums heretofore mentioned, and that he made such purchase and payments in good faith and in ignorance of the fact that the Supreme Court had reversed the judgment of the County Court.

ENOCH J. PRICE, attorney for appellants.

ROGERS & MAHONEY and CHILTON P. WILSON, attorneys for appellee.

Purchasers at a tax sale are bound to know, at their peril, that the supposed delinquent is in truth a delinquent and that he has been lawfully assessed. Wilmerton v. Phillips, 103 Ill. 79; Miller v. Cook, 135 Ill. 190.

Where a tax sale is void it can be attacked collaterally. Wilmerton v. Phillips, *supra;* Gage v. Goudy, 141 Ill. 215; Steenberg v. People, 164 Ill. 478; Culver v. People, 161 Ill. 89.

Where the tax is illegal the owner is not obliged to pay it nor redeem from the sale, and he is not obliged to refund in a bill to restrain deed. Wilmerton v. Phillips, *supra;* McLaughlin v. Thompson, 55 Ill. 251.

All steps taken under an invalid ordinance are absolutely void. Culver v. People, 161 Ill. 89; Pells v. City of Paxton, 176 Ill. 318; Riverside Co. v. Howell, 113 Ill. 256.

When the reversal order of the Supreme Court was filed in the County Court the judgment of confirmation as to the assessment roll was set aside. Markley v. City, 190 Ill. 276.

It is only where a person is compelled to pay obligations to protect his rights that he is entitled to recover back. Beaver v. Slanker, 94 Ill. 175.

MR. JUSTICE BALL delivered the opinion of the court.

It is conceded that in Foss v. City of Chicago, 184 Ill. 436, the Supreme Court reversed the judgment of confirmation entered by the County Court in the special assessment proceeding for the improvement of Clifton Park avenue; that the order of reversal was filed in the County Court May 7, 1900; that notwithstanding such order the city afterward caused the premises described in the bill of complaint to be sold for the third installment of said assessment, at which sale appellant Glos became the purchaser.

The County Court had no power to order a sale of the property in question after the judgment of confirmation had been reversed. Such act was without the jurisdiction of the court. It conferred no rights upon the party who purchased at the sale. All steps taken under an invalid ordinance are void. Culver v. People, 161 Ill. 100; Pells v. City of Paxton, 176 Ill. 318.

The filing of the order of reversal in the County Court relieved the owners of the property included in such assessment from any further attendance upon that court in that cause. They were not bound to watch lest the court, in their absence, proceed irregularly and illegally. Nor would the fact that appellee made no objection to such after proceedings bar him from attacking them by bill in chancery, since the lack of jurisdiction in the County Court brings

his lots within the exception contained in section 224, Chap. 120, R. S., "that the real estate was not liable to the tax or assessment." (Drake v. Ogden, 128 Ill. 603; Gage v. Goudy, 141 Ill. 215.)   Lands are subject to the burden of legal taxes, but not to the burden of illegal taxes.   These premises not being liable for the assessment as levied, appellee was not barred by the judgment for sale from setting up the illegality of that assessment in this case.   That a void judgment can be attacked collaterally is hornbook law.   Steenberg v. People, 164 Ill. 478.

Appellee in his bill avers that he is the owner and in the possession of the premises described.   This allegation is essential to the maintenance of his bill.   Appellant Glos did not admit the truth of this allegation, but put appellee upon proof of the same.   The latter put in evidence the deed under which he claimed title, but did not prove that he was in possession of the premises, or that the same were vacant.   Lacking the support of sufficient testimony, the bill must fail.   Hewes v. Glos, 170 Ill. 438; Glos v. Goodrich, 175 Ill. 22.

It appears that appellant Glos after he purchased these lots at the tax sale paid other special assessments, presumably valid, upon two of such lots, in the sum of $101.78. This sum the learned chancellor properly ordered to be repaid to appellant.   Sec. 224, Ch. 120, R. S.

Appellee did not bring or offer to bring into court the amount of money paid by appellant upon other assessments levied upon two of these lots, nor did he in his bill of complaint offer to pay any sum that might be found due from him.   A decree for costs against one holding a tax certificate or a tax deed can not be entered until after he has been placed in the position of refusing to do equity.   Hence that part of the decree which directs appellant to pay one-half the costs in the court below is erroneous.   Glos v. Goodrich, 175 Ill. 22, and cases cited.

There was no ordinance upon which the decree of sale for the non-payment of these assessments could be based. It follows that there was no liability upon the part of

appellee to pay such assessments. Appellant Glos when he purchased at the sale took the chance that the owner was not delinquent and that the lots were not legally assessed. To compel appellee to pay assessments which he never owed and for which his lots were never liable, before the court will grant him relief, is an injustice which a court of equity will not perpetrate. Wilmerton v. Phillips, 103 Ill. 78.

The decree of the Superior Court will be reversed and the cause remanded.