## Jacob Glos v. Anthony J. Cannata.

### Gen. No. 12,001.

1. SIDEWALK TAX—*when. void.* An ordinance enacted under the Sidewalk Act of 1875, providing for the construction of disconnected sidewalks in different streets, is invalid and void.

2. TAX—*what does not support pretended.* The mere fact that a pretended tax was not objected to in the County Court does not give it any additional validity, where it is attacked as void in an action to enjoin the issuance of tax deeds upon certificates of sale based upon such tax.

3. REIMBURSEMENT—*when need not be made to holder of tax certificates.* Where there never was a valid tax to support a sale, it would be error to require reimbursement to be made to the holder of tax certificates upon which the issuance of tax deeds is enjoined.

Bill to remove cloud, etc. Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed June 15, 1905.

**Statement by the Court.** This is an appeal from a decree of the Superior Court of Cook county finding and decreeing that a certain ordinance of the Village of Wilmette for the construction of a sidewalk in forty-two different streets and parts of streets in that village, is void; that the return of the village clerk of Wilmette of the delinquency of certan lots in said village for a special tax levied against them under the provisions of said ordinance was void; that a judgment and order of sale entered in the County Court of Cook county on said lots for the non-payment of said special tax, were void, and that the sale thereupon was void; cancelling and annulling certain certificates of sale issued on said lots at said sale, and enjoining and restraining an application by the appellant as holder of said certificates to the county clerk . for a deed based on said certificates, or his asserting title to said lots by virtue of said certificates, and enjoining and restraining the county clerk from issuing any deed on said certificates or recognizing them as valid.

The chancellor in the Superior Court, on a bill filed by appellee alleging that he was the owner of the said premises ( the legal description of which is lots one (1) and two (2) in block four (4) of E. T. Paul's Second Addition to Wilmette) and praying for that relief which was given in the decree as above set forth, held, that the ordinance in question was void, because without legislative authority. He presumably held that the Sidewalk Act of 1875, under which the ordinance purported to be passed, does not provide for laying sidewalks upon more than one street under one ordinance and tax. This is one of the grounds of the invalidity alleged in this bill. The chancellor likewise held the proceedings which resulted in the judgment and sale under which the certificates of attack were issued, void, because they were based on a return of the village clerk of the village of Wilmette, which did not contain any bill of costs or copy of any bill of costs of said sidewalk, showing in separate items the cost of grading, materials, laying down and supervision, and because section 3 of the Sidewalk Act of 1875 was not complied with.

The ordinance was attacked in the bill also on the ground that it failed to give a description of the improvement provided to be made under the same, that it failed to fix the grade of the sidewalk, and gave an insufficient description of the material out of which said sidewalk was to be composed, but there was no finding by the decree on these points.

The appellant, under his assignments of error, raises and argues these propositions: First, that there is nothing alleged or proven showing the ordinance void or invalid; second, that objections such as are urged by the bill to the judgment should have been made directly to the County Court, and not asserted collaterally in an attack on the certificates of sale, as in this bill; and, third, that in any event the decree should have provided for reimbursing the defendant to the extent of anything paid by him at the tax sale, with interest.

JACOB GLOS, appellant, *pro se;* JOHN R. O'CONNOR, of counsel.

TAYLOR & MARTIN, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

This cause must be controlled by the decisions of the Supreme Court in People v. Latham, 203 Ill. 9, and People v. Grover, 203 Ill. 24, which distinctly hold that an ordinance passed under the Sidewalk Act of 1875 (an act to provide additional means for the construction of sidewalks in cities, towns and villages, approved April 15, 1875) can legally provide only for the laying of a sidewalk on one street alone, and not on a number of different streets, and that a special tax levied under an ordinance which ordered such a construction upon many disconnected streets in the same village, could not be sustained.

The appellant says in his reply brief that he finds nothing in these cases to sustain appellee's theory, that under the Act of 1875 a sidewalk cannot be constructed on more than one street under one ordinance. This is an easy way of disposing of the cases, but in view of the fact that in The People v.

Grover, the very ordinance which is attacked in the case at bar was held invalid distinctly for the reason that it provided for the laying of disconnected pieces of sidewalk upon different streets, and therefore was for "a double improvement," instead of a single one, it is not satisfactory to us. While it might be argued that the decisions in the People v. Latham and the People v. Grover do not preclude an ordinance being valid which might provide for a connected piece of sidewalk around a corner, although upon two streets, they render it certain that neither the ordinance in question here, nor any like it can be valid.

It is needless for us to proceed further with the discussion of the judgment and tax sale under which the certificates enjoined by the decree in this cause were issued. If the ordinance was invalid for the reason given, there was no power in the municipality to make the improvement, and no force whatever in the proceedings of the village clerk in levying the supposed tax to fix a lien on the appellee's land.

The fact that objections were not made in the County Court gives no validity to the pretended tax. It does not matter, therefore, whether the point made by appellant that no bill of cost of the improvement need be returned to the county collector, is well taken or not. It may be remarked, however, that appellant admits that there must be a bill of costs filed *in the office of the village clerk,* certified to by the officer in charge of the construction. A finding of the decree is "that the provision of Section 3 of an Act to provide additional means for the construction of sidewalks in cities, towns and villages, approved April 15, 1875, in force July 1, 1875, was not complied with, in that no bill of costs was made, filed or returned, *as provided in said section and other sections of said act,*" and there does not seem to be an assignment of error that this finding is unsupported by the evidence.

The appellant objects to the decree because it does not provide for compensation to the holder of the certificates. This does not make the decree erroneous.

Where, as here, there never was a valid tax laid on the

premises, it is not a condition precedent to enjoining a deed or cancelling the certificates, that anything should be paid to the holder. · It would have been erroneous to have compelled it. Glos v. Collins, 110 Ill. App. 121; Boals v. Bachmann, 201 Ill. 340; reversing the Appellate Court of the Third District in Boals v. Bachmann, 103 Ill. App. 427, cited by appellee.

The decree of the Superior Court is affirmed.

*Affirmed.*