286    APPELLATE COURTS OF ILLINOIS.

Tifft v. Chicago College of Medicine and Surgery, 212 Ill. App. 286.

### Henry Tifft, Appellant, v. Chicago College of Medicine and Surgery, Appellee.

### Gen. No. 23,752.

TAXATION, § 664*—*what taxes, legal costs and penalties may not be recovered of owner by purchaser at tax sale.* Hurd's Rev. St. ch. 120, sec. 214 (J. & A. ¶ 9433), contemplates the recovery from the owner of the property by the purchaser at a tax sale only of such taxes, legal costs and penalties as shall have been properly levied and paid, and does not permit him to recover from the owner of untaxable property taxes which he paid thereon.

Appeal from the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed October 15, 1918. Rehearing denied November 12, 1918.

ENOCH J. PRICE, for appellant.

H. J. ROSENBERG, for appellee; IRVING ZIMMERMAN, of counsel.

MR. PRESIDING JUSTICE McDONALD delivered the opinion of the court.

This is an appeal by plaintiff, Henry Tifft, from a judgment in favor of defendant, in an action for the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

recovery of moneys advanced in payment of taxes upon certain real estate owned by defendant.

The cause was submitted to the trial court upon a stipulation of facts, from which it appeared *inter alia* that: Defendant is an Illinois corporation, not for pecuniary profit, engaged in conducting a medical college in the City of Chicago; that on October 4, 1910, it became and has ever since been the owner of the premises described in plaintiff's affidavit of claim, which have been occupied and used by defendant in conducting its said medical school; that under the laws of this State, the said premises have been exempt from taxation during the aforesaid period; that on September 26, 1912, plaintiff purchased the said premises at a tax sale (presumably for taxes levied for the year 1911), and received a certificate of sale; that taxes were levied for the years 1912 and 1913 on said premises, which were also duly paid by plaintiff; that at some date prior to the expiration of 3 years from the date of the said tax sale, the county clerk of Cook county entered upon the tax judgment sale and redemption record the following entry:

"Sale in error. Property of Chicago College of Medicine and Surgery. Robert M. Sweitzer, County Clerk''; that the county treasurer of Cook county has refunded to plaintiff the amount paid by him at the said tax sale; that plaintiff has not been reimbursed by defendant or any other person for any part of the moneys paid by him for taxes levied on said premises for the years 1912 and 1913.

The sole question here presented for determination is whether or not plaintiff is entitled to recover from defendant the taxes levied on its said premises for the years 1912 and 1913 and paid by him as aforesaid.

Our Revenue Act, ch. 120, Rev. St. (J. & A. ¶¶ 9432, 9433), provides as follows:

"Sec. 213.   Whenever it shall be made to appear to the satisfaction of the county clerk that any tract or

288     APPELLATE COURTS OF ILLINOIS.

Tifft v. Chicago College of Medicine and Surgery, 212 Ill. App. 286.

lot was sold; and that such tract or lot was not subject to taxation, or upon which the taxes or special assessments had been paid previous to the sale of said tract or lot, or arises from a double assessment, or that the description is void for uncertainty, he shall make an entry opposite to such tracts or lots in the sale and redemption record, that the same was erroneously sold, and such entry shall be *prima facie* evidence of the fact therein stated, and unless such error is disproved, the county collector shall, on demand of the owner of the certificate of such sale, refund the amount paid and cancel such certificate so far as it relates to such tract or lots. *  *  *

"Sec. 214. When the purchaser at such erroneous sale, or any one holding under him, shall have paid any tax or special assessment upon the property so sold, which has not been paid by the owner of the property, he shall have the right to recover from such owner the amount he has so paid, with ten per cent interest, as money paid for the owner's use."

As already indicated, the property in question was not subject to taxation during the years 1911, 1912 and 1913. The said tax sale was therefore erroneous, and under section 213, *supra,* plaintiff was entitled to a refund from the county collector of the amount paid by him at the said tax sale. This he has already received. In our opinion, however, section 214 contemplates reimbursement to the purchaser at the tax sale, of all taxes, legal costs and penalties as shall have been *properly* levied and paid subsequently to such tax sale. (*Glos v. Shedd,* 218 Ill. 209; *Langlois v. Cameron,* 201 Ill. 301; *Boals v. Bachmann,* 201 Ill. 340; *Wilmerton v. Phillips,* 103 Ill. 78.) For instance, if defendant's property were exempt from taxation during the year 1911, and, by reason of change of ownership or other circumstances, it became subject to taxation during the years 1912 and 1913, in such event if plaintiff paid the taxes properly levied on said property for the 2 last-mentioned years, he could be said to have properly paid the taxes, to protect his purchase, entitling him to a

recovery from the defendant or its privies, of the amounts so paid. (*Joilet Stove Works v. Kiep,* 230 Ill. 550.) Such, however, is not the situation in the case at bar. Defendant's property was exempt from taxation at the time of said sale, and has so continued up to the time plaintiff brought this suit. It follows, therefore, that the taxes paid by plaintiff for the years 1912 and 1913 were not legally levied against defendant's said property, and hence they were not properly paid by plaintiff, to protect his purchase. To hold otherwise would be to require the owner of nontaxable property to pay not only a void tax, but costs and a 10 per cent penalty as well—a situation clearly not contemplated by the statute. We conclude, therefore, that the judgment of the Circuit Court is correct, and accordingly it will be affirmed.

*Affirmed.*

MR. JUSTICE BARNES took no part in this case.