(No. 14533.—Decree affirmed.)

MARY TOMANICKA, Appellee, *vs.* JACOB GLOS, Appellant.

*Opinion filed April 19, 1922.*

1. SPECIAL ASSESSMENTS—*judgment holding first installment of assessment void is res judicata of subsequent installments.* A judgment refusing sale for one installment of a special assessment on the ground that the assessment is void is *res judicata* and conclusive as to the collection of further installments of the same assessment.

2. TAX DEEDS—*section 224 of Revenue act does not require reimbursement for payment of void assessment.* Section 224 of the Revenue act does not require, as a condition precedent to setting aside a tax deed, reimbursement for the payment of an uauthorized and illegal tax or of a special assessment which was held void before the sale was made.

APPEAL from the Circuit Court of Cook county; the Hon. GEORGE FRED RUSH, Judge, presiding.

JOHN R. O'CONNOR, and ALBEN F. BATES, for appellant.

NOVAK & NOVAK, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is a proceeding filed in the circuit court of Cook county in 1916 to register title to a lot in Chicago under the so-called Torrens act, setting forth that the applicant, Mary

Tomanicka, is the owner of the lot and that the only other persons claiming an interest therein are Jacob Glos and Charles W. Novak, trustee in a trust deed given on the land. Thereafter, by an amendment to the application, it was stated that the interest of Glos was based upon a tax deed for the sale of the property for five alleged annual installments of a special assessment on the lot. The pleadings having been settled the matter was referred to an examiner of titles, who heard evidence and found the applicant was the owner of the premises and that Glos was not entitled to any reimbursement for the amounts paid for the tax deed, and recommended that the tax deed be held void and set aside as a cloud upon the applicant's title and that applicant pay the costs of the proceeding, including such costs or charges as might be taxed in favor of Glos under the decree. Objections were filed to the report and overruled and the objections stood as exceptions in the circuit court. Thereafter the exceptions were overruled and a decree entered finding that the applicant is the owner of the premises and entitled to registration of her title, and that the tax deed to Glos be held void, without reimbursement.

On this appeal it is urged that error was committed by the trial court in failing to require reimbursement for the amounts paid out at the several sales of the land for installments of a special assessment, pursuant to which sales the tax deed to Glos was issued. While apparently other questions were raised in support of her objections by appellee in the trial court, the only question urged here is that the special assessments for which the land was sold were illegal and void, and therefore that the sale and the deed based on these assessments are illegal and void, and that under the provisions of section 224 of the Revenue act reimbursement was not required to be made to the purchaser before the tax deed was set aside in this proceeding.

Section 224 of the Revenue act, which provides for reimbursement, contains, among other things, an exception

"that the real estate was not liable to the tax or assessment." (2 Hurd's Stat. 1921, p. 2694.) The proviso of the statute which states that reimbursement shall be made provides for reimbursement for all taxes and legal costs properly paid. In construing section 224 this court has had occasion many times to pass on the question what taxes and costs will be required to be reimbursed before setting aside tax deeds. In *Wilmerton* v. *Phillips*, 103 Ill. 78, the court, after citing certain cases which hold that reimbursements should be made, said (p. 81): "The cases relied on are not applicable to the facts in this case. Had appellee been under any legal liability or obligation to pay the tax for which the land in this case was sold then the above authorities would be in point, but such is not the case. As we have already seen, neither the firm of Phillips, Carmichael & Co., nor any of its members, were liable to a personal tax assessment in the township, hence the assessment, levy, and all proceedings relating to the matter, were and are absolutely null and void, and appellee having consequently incurred no liability with respect to the same, it would be simply a tax upon justice to deny him relief except upon the condition that he should pay a sum of money that he never owed and which he was therefore under no legal or moral obligation to pay. Purchasers at tax sales, while availing themselves of the opportunity of obtaining highly remunerative profits on small investments, are bound to know at their peril, when purchasing at a tax sale, that the supposed delinquent is in truth and in fact a delinquent,— that he has been lawfully assessed and has failed to make payment, etc."

In *Boals* v. *Bachmann*, 201 Ill. 340, the court in considering this section of the Revenue law said (p. 343): "It is a maxim in chancery that he who seeks equity must do equity, and we have always held that upon a bill to set aside a tax sale or tax deed relief will be granted the complainant only upon condition that he re-pay the legal taxes and

costs paid out by the purchaser. But that rule can have no application to a case where the tax is illegal and void, for the simple reason that to require the payment of an unauthorized tax as a condition precedent to setting aside the sale would result in compelling by indirection the payment of the unauthorized tax.—*Wilmerton* v. *Phillips, supra; Riverside Co.* v. *Howell,* 113 Ill. 256; *Miller* v. *Cook,* 135 id. 190; *Langlois* v. *Cameron,* 201 id. 301."

In discussing this section of the Revenue act in *Glos* v. *Shedd,* 218 Ill. 209, the court said (p. 219) : "It was not in contemplation of the statute or the requirements of equity that defendant in error, in order to remove the cloud of such void sale, should reimburse any person for the taxes which had already been paid by the owner and for which the land was illegally sold. The statute is, that the holder of the tax deed should be reimbursed for all taxes, legal costs and penalties as shall have been properly paid. [Citing authorities.] If the taxes were paid by the owner before the sale then there was no delinquency, and the alleged purchaser, Glos, did not properly pay any taxes within the contemplation of the statute and was not entitled to be reimbursed for any payment so made." (Citing authorities).

The reasoning of this court in *Kelle* v. *Egan,* 256 Ill. 45, as to when the owner should be required to reimburse for the payment of taxes and legal costs and penalties properly paid, is in accord with the cases just cited on this point.

The record shows that the special assessment upon which the sales for the five installments to appellant were based had previous to those sales been declared void by this court, on application for sale for non-payment of the first installment, in *Young* v. *People,* 196 Ill. 603, in 1902. These sales were all made in November, 1910. There is no merit in the argument of counsel for appellant that the subsequent installments of the assessment after the first

would not necessarily be held void and uncollectible for the same reason that the first installment was held not collectible in the *Young case,* for this court has held that where there has been a judgment refusing sale for one installment of an assessment, that judgment will be held *res judicata* and conclusive as to the collection of further installments. (*Markley* v. *People,* 171 Ill. 260.) Therefore, there can be no escape from the conclusion that the first installment having been held void by this court the subsequent installments of the same assessment must also be held void, and it necessarily follows that section 224 of the Revenue act, as construed by this court, does not require, as a condition precedent to setting aside the sale and an illegal tax deed, reimbursement for money paid for unauthorized and illegal taxes.

We do not think the authorities cited by appellant from other jurisdictions are in point, as they construe statutes that are different in wording from section 224, under which it is insisted these taxes should be reimbursed to appellant. Neither do we think the authorities cited from this jurisdiction are in point, as the conditions under which such taxes were paid were entirely different from those under which the taxes for these void installments were paid. The question whether a purchaser should be reimbursed for taxes paid at a tax sale under which a tax deed has been granted to him, before the setting aside of such tax deed, depends entirely upon the wording of section 224. As this section has been construed, on the facts in this record appellant was not entitled to have the money paid for these void installments re-paid before the tax deed was set aside.

The decree of the circuit court will therefore be affirmed.

*Decree affirmed.*