HENRY MYERS *et al.*, Plaintiffs in Error, *v.* JOSEPH LADD *et al.*, Defendants in Error.

ERROR TO TAZEWELL.

Parol evidence is admissible for the purpose of identifying the property actually mortgaged.

Where there are two descriptions of the same premises in a deed, one of which is complete, and the other has something added which is subordinate and incorrect, the incorrect or subordinate part may be rejected as surplusage.

THIS was an act of trover, originally brought in the Peoria Circuit Court, and the venue charged to Tazewell.

The declaration was in the usual form for converting goods and chattels, then situate in a mill, built by Randolph Ross, Jr., in Lancaster, Timber township, Peoria county, Illinois, to wit:

ne twelve inch by-engine, of twenty inch stroke, cast frame; one thirty-four foot boiler, forty-two inches; one double Child saw mill, thirty and fifty inch; the belts used in running said machinery; also, all the fixtures for running said engine and boiler and saw mill, complete, including guy rods for chimney, of the value of two thousand dollars.

Defendants pleaded general issue.

Upon the trial of the cause, the first evidence introduced by the plaintiff was a mortgage.

Made and entered into this sixteenth day of June, A. D. 1858, between Randolph Ross, Jr., of Tazewell county, Illinois, party of the first part, and H. Myers & Co., of Tazewell county, Illinois, parties of the second part, witnesseth: that the said Randolph Ross, Jr., has this day sold to the said H. Myers & Co. the following described machinery, which is situate in his mill in Lancaster, Timber township, Peoria county, State of Illinois, to wit: One twelve inch by-engine, twenty inch stroke, cast frame; one thirty-four inch boiler, forty-two inches; one double Child saw mill, thirty and fifty inch; the belts used in running said machinery; also, all the fixtures for engine and boiler and saw mill complete, including guy rods for chimney, for the sum of thirteen hundred and eighty-one dollars, the receipt of which is hereby acknowledged; but the conditions of the sale are such that whereas, the said Randolph Ross, Jr., is indebted to Clark, Plant & Norris, of Saint Louis, to the amount of thirteen hundred and eighty-one dollars, for which said Randolph Ross, Jr., with H. Myers & Co. as security, have executed two several notes, dated August 14th, 1857, each for the sum of six hundred and ninety dollars and fifty cents; one due in three, and the other in six months from date.

Now, if the said Randolph Ross, Jr., or his heirs or assigns, shall pay said notes within twelve months from this date, with the interest that may accrue thereon, and shall save harmless the said H. Myers & Co., etc., etc.

The mortgage was duly acknowledged and recorded.

To the introduction of which the defendant objected, for the reason that it appears upon the face of the mortgage, that Randolph Ross, Jr., lived in Tazewell county.

The plaintiff thereupon called on *M. Tackaberry* as a witness, who said that he wrote the mortgage, and that he thought that at the time of executing the mortgage, Ross lived in Peoria county; that he rarely saw him in Pekin, Tazewell county.

*Van Osdell* was then called as a witness, and said that Ross, in June, 1858, resided about Pekin, in Tazewell county; he at that time had a house in Pekin, and had a woman keeping house for him. I saw him at his house, and eat two or three meals with him at his house. He did business in Timber township, Peoria county, for about fifteen months, and at the date of the mortgage, but was only occasionally there.

The court then admitted the mortgage, subject to instructions.

*Thomas Cotton* was then called as a witness, and said that Ross owned a mill in Timber township, Peoria county, Illinois; put it up there three years ago next October. There was in it an engine with a cast iron frame; there was also put in the mill by Ross a large boiler, about thirty feet long, or more; also, a large belt that drives the same in the frame, and four guy rods to hold the chimney. There was also in the mill a double Child saw in the frame. Mr. Ross claimed to be the owner of the machinery in the mill. It came from St. Louis, I think. This mill was in Timber township, Peoria county, Illinois, about four miles from Lancaster, which is also in Timber township. There was also a mill in Lancaster, but not circular saw mill.

Thereupon the defendants, by their counsel, requested the court to exclude the evidence of said Cotton, because it had no relation to the mortgage; and the court excluded the evidence of said witness; to the excluding of which evidence the plaintiff excepted.

The plaintiff then offered to read the description of the property, as described in the mortgage, to the witness Cotton, and proposed to ask him if Randolph Ross put in, in Timber township, Peoria county, Illinois, such machinery as was therein described, and whether said Ross owned any other mill or like machinery in Peoria county, Illinois, or in Timber township; which question was objected to, and the court refused to allow the question to be answered.

The plaintiff then proposed to prove that Ross did not at the

date of the mortgage, own any mill or machinery in Lancaster, Timber township, Peoria county, Illinois; but that the mill and machinery referred to by witness Cotton, was the only one owned by said Ross in said township, Peoria county, Illinois; which proof was objected to by the defendants, and the court refused to allow the evidence to be given.

ROBERTS & IRELAND, for Plaintiffs in Error.

CATON, C. J.   We think the court erred in excluding the parol evidence offered for the purpose of identifying the property which was actually mortgaged.   The mortgage describes the property thus,—"in his mill in Lancaster, in Timber township, Peoria county, State of Illinois, to wit," and then describes minutely the engine and saw mill.   The mortgagee offered to prove that the mortgagor had a mill, four miles from Lancaster, in Timber township, in which was the property described, and that the mortgagor had no other mill in that county, for the purpose of showing that that was the machinery which was mortgaged.   This evidence was ruled out.   Here was a true description of the property, but containing within it a circumstance, not of the property itself, but of the location of the property.   This, when clearly made to appear, should be rejected as surplusage.   The description of the property itself was perfect, but there was a mistake as to the geographical position of the mill in which it was situated.   Parol evidence was not only admissible, but was absolutely indispensable, to identify the property described in the mortgage, and when that parol evidence did identify the property consistently with the description in the mortgage, that was sufficient.   If I give a bill of sale of my black horses, and describe them as being now in my barn, I shall not avoid it by showing that the horses were in the pasture or on the road.   The description of the horses being sufficient to enable witnesses acquainted with my stock to identify them, the locality specified would be rejected as surplusage.   Nor is this rule confined to personal property.   It is equally applicable to real estate.   If I sell an estate, and describe it as my dwelling house in which I now reside, situate in the city of Ottawa, I shall not avoid the deed by showing that my residence was outside the city limits.   So if a deed describe lands by its correct numbers, and further describe it as being situated in a wrong county, the latter is rejected.   The rule is, that where there are two descriptions in a deed, the one as it were superadded to the other, and one description being complete and sufficient of itself, and the other, which is subordinate and superadded, is incorrect, the incorrect description, or feature or

circumstance of the description, is rejected as surplusage, and the complete and correct description is allowed to stand alone.

The court erred in rejecting the evidence offered, and its judgment must be reversed, and the cause remanded.

\ *Judgment reversed.*