Robert E. Allen

*v.*

George W. Bowen *et al.*

*Filed at Mt. Vernon January 31, 1883.*

Will—*sufficiency of description.* A description of property devised, as "my house and lot in the town of Patoka, Illinois," is sufficient to pass the property. It is capable of exact identification and location, from being named as the testator's house and lot in that town; and with proof that the testator owned a house and lot in such town, which lot is the north two-thirds of lot 12, in block 10, railroad addition to the town of Patoka, Illinois, and never owned any other house and lot in that town, the description is rendered certain, and such description will not be vitiated by an attempt in the will to give a further description, in which the lot is misdescribed as lot 19 instead of lot 12. The misdescription, in such case, may be disregarded, under the maxim "*falsa demonstratio non nocet.*"

APPEAL from the Circuit Court of Marion county; the Hon. Amos Watts, Judge, presiding.

Mr. Henry C. Goodnow, for the appellant:

The first description in the will is sufficient to pass the title to the house and lot, upon the premises being identified by extrinsic evidence; and the addition of the false description does not vitiate the good one. *Falsa demonstratio non nocet,* applies. Broom's Legal Maxims, (5th Am. ed. from 3d London ed.) top page 422; *Sharp* v. *Thompson,* 100 Ill. 450; *Griscom* v. *Evans,* 40 N. J. 402; *Drew* v. *Drew,* 8 N. H. 489.

The proof showed that Ann Quinn never owned but one house and lot in Patoka, Illinois, which she had at the time of her death, and that it was lot 12, block 10, instead of lot 19, block 10, found by the court.

Mr. J. B. Kagy, and Mr. H. C. Feltman, for the appellees:

The introduction of the will, as admitted to probate, in evidence, shows the lot to be lot 19. This, we think, is a fatal variance. *Wise, Admr.* v. *Twiss, Admr.* 54 Ill. 304.

There is no ambiguity on the face of the will in the description of the subject of bequest, taken as a whole. The terms are clear and distinct, and can not be contradicted by evidence *de hors* the will. *Chappell* v. *Avery*, 6 Conn. 34; *Ferrer* v. *Ayers*, 5 Pick. 407; *Avery* v. *Chappell*, 6 Conn. 270; *Comstock* v. *Hadlyne*, 8 id. 254; *Kurtz* v. *Hibner*, 55 Ill. 514; 1 Jarman on Wills, (3d Am. ed.) top page 326; also, pages 352, 355, 525.

Appellant insists there are two descriptions: First, that included in the first clause by the words "my house and lot," etc.; and second, by the words "lot 19," etc. If this be so, a latent ambiguity arises on the words "my house and lot," and evidence is necessary to show what property is comprehended by the words employed. The testatrix, by the will itself, in the next clause defines it as lot 19. Her words can not be contradicted, *expressio unius est exclusio alterius*. See authorities above.

When clauses are repugnant, the later modifies the former. *Brownfield* v. *Wilson*, 78 Ill. 467.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a suit in ejectment, to recover the possession of the north two-third parts of lot 12, block 10, railroad addition to the town of Patoka, Illinois, wherein, upon trial without a jury, the court below rendered judgment in favor of the defendants, and the plaintiff appealed. The plaintiff claims title under the will of Ann Quinn, deceased, and the defendants by purchase from the heirs of Ann Quinn.

The clause in the will of Ann Quinn, as it appeared at the time the will was offered for probate, was as follows: "I give and bequeath to my grand-son, Robert E. Allen, of Clinton, Indiana, my house and lot in the town of Patoka, Illinois, known and described as follows: the north two-third parts of lot No. 12, block No. 10, railroad addition to the town of Patoka."

On an appeal by defendant Nancy Hall from the allowance of this will to probate by the county court, to the circuit court of Marion county, the circuit court, in allowing the will to probate, found that the will, since its execution, had been altered by some one other than the testatrix, by a change of the description of the lot from lot 19 to lot 12, and ordered that the altered figure should be read as originally written, and that the will should be recorded as the same was originally written, the number used to designate the lot being 19. There is no evidence by whom the alteration was made.

Reading this clause of the will, then, as it was originally written, and as admitted to probate and recorded, the description is: "the north two-third parts of lot No. 19, block No. 10, railroad addition to the town of Patoka," whereas the lot sued for is lot 12, block 10.

Proof was made that Ann Quinn owned a house and lot in the town of Patoka, which lot was the north two-third parts of lot 12, block 10, railroad addition to the town of Patoka, Illinois, and that that was the only house and lot she ever owned in the town. There is no doubt what the subject of the devise was. It was, "my house and lot in the town of Patoka, Illinois." This description, alone, was sufficient to carry the title to the property. It was capable of exact identification and location, from being named as the testatrix' house and lot in the town of Patoka, Illinois, and by the proof made was rendered certain as being lot 12. Undertaking, in this clause of the will, to describe the subject of devise further, by the number of the lot, was but an attempt to give an additional particular of description of the property. In this respect of the lot's number there was a misdescription, it being described as lot 19 instead of lot 12; but this will not vitiate, and will be disregarded, when otherwise it appears, unmistakably, what was the subject matter attempted to be described. If the instrument defines, with convenient certainty, what is intended to pass by it, a subsequent erroneous

addition will not vitiate it. (3 Washburn on Real Prop. 344.) The rule in this respect is familiar, being expressed by the maxim, *"falsa demonstratio non nocet."*

The judgment is reversed and the cause remanded.

*Judgment reversed.*