WILLIAM J. PERKINS

*v.*

MARY A. BULKLEY.

*Filed at Mt. Vernon April 1, 1897.*

1. PRACTICE—*recovery may be had in ejectment against new defendant brought in by amendment.* Section 23 of the Practice act (Rev. Stat. 1874, p. 778,) authorizes the overruling of a motion to dismiss an ejectment case as to a defendant brought in by amendment at a subsequent term, even though the suit had been dismissed as to all those who were originally made defendants.

2. TAXES—*when matter in parentheses in a tax receipt may be disregarded.* A receipt for the taxes upon the "west half of lot 1, N. E. (N. W. N. E.) Sec. 1, T. 6, N., R. 6," covers the "west half of lot 1" described, and is not rendered uncertain by the matter in parentheses, particularly where the previous manner of paying and receipting corroborates that view.

3. SAME—*tax sale is void where owner has paid the tax.* A tax sale of land for a tax (improperly reported as delinquent) which the owner has paid is illegal and void.

WRIT OF ERROR to the Circuit Court of Effingham county; the Hon. E. D. YOUNGBLOOD, Judge, presiding.

Defendant in error brought this action of ejectment in the circuit court of Effingham county, to the October term, 1893, to recover possession of certain lands, described in her declaration as follows: "The west half of lot No. 1, of the north-east quarter of section 1, township 6 north, range 6, east of the third principal meridian, in the district of land subject to sale at Springfield, Illinois, containing forty acres, (being S. W. quarter of N. E. quarter of section 1, T. 6, N., R. 6, E. 3d P. M.)" James D. Palmer and Sylvester F. Gilmore were made defendants, and they filed sworn pleas denying possession and claim of title. At the same term leave was given plaintiff to amend her declaration, making Samuel Dye and William J. Perkins defendants, and the case was continued for service. At the next term the new defendants filed a plea of not guilty. At the following October term a jury

was waived and trial was had by the court, resulting in a judgment for plaintiff. Defendants having taken a new trial under the statute, the case was again tried at the March term, 1896. After the evidence was heard plaintiff dismissed her suit as to all defendants except Perkins. Thereupon he entered his motion to dismiss as to him, which was overruled, and judgment entered for plaintiff.

It was admitted on the trial that plaintiff derived title to the land by inheritance from Julius R. Bulkley, who was the patentee from the United States. Defendant claimed title through a tax sale and deed for the year 1880, and in support of that title offered in evidence the proceedings under which the tax deed was executed. He also introduced deeds of conveyance connecting himself with the tax title. The circuit court sustained an objection to the affidavit upon which the tax deed was made, the ground of objection being that it failed to show in whose name the land was taxed, and did not specify whether the sale was for delinquent taxes or special assessments. Plaintiff offered in evidence tax receipts showing that she had paid all taxes assessed against the land for the years 1872 to 1890, inclusive, those for the years 1880 and 1881 describing the land as the "west half of lot 1, N. E. (N. W. N. E.) Sec. 1, T. 6, N., R. 6." It is not denied that the premises are properly described as "west half of lot 1, N. E. Sec. 1, T. 6, N., R. 6," which was in fact the south-west quarter of the north-east quarter of section 1.

HENRY B. KEPLEY, for plaintiff in error.

R. C. HARRAH, and BARNEY OVERBECK, for defendant in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

It is first insisted that the trial court erred in overruling defendant's motion to dismiss the suit as to him.

Section 23 of the Practice act (Starr & Curtis, p. 1787,) fully authorized the ruling of the court on that motion.

On the merits of the case we think the tax title under which plaintiff in error claimed was clearly invalid. The evidence leaves no doubt as to the fact that defendant in error paid the taxes to the county treasurer for the year 1880, and received a tax receipt therefor. If that receipt had omitted the letters "N. W. N. E." in parentheses, there could have been no question as to its proving payment upon the west half of lot 1. These letters "N. W. N. E." were unimportant in the description of the lot, and were made so by being put in parentheses. The receipt clearly shows on its face that the intention of the owner was to pay taxes on the "west half lot 1, N. E. Sec. 1, T. 6, N., R. 6," which was a sufficiently complete and proper description of the property. The fact that the letters "N. W. N. E.," inserted parenthetically, are inconsistent with that description cannot be allowed to overcome or even render uncertain the true description. This view is sustained by *Myers* v. *Ladd,* 26 Ill. 415, and *Kruse* v. *Wilson,* 79 id. 233.

We do not agree with counsel for plaintiff in error that there is no evidence in this record showing that the "N. W. N. E." was not the tract intended to be paid on, instead of the "west half of lot 1." That fact is shown by the manner in which the taxes had been paid and receipted for during a long term of years.

The taxes having been paid for the year 1880, the land was improperly reported delinquent, and the tax sale therefore illegal and void. In this view of the case it is unnecessary to pass upon the ruling of the trial court on the sufficiency of the affidavit on which the tax title was based.

The judgment will be affirmed.

*Judgment affirmed.*