JONATHAN DUNFEE *et al.*

*v.*

THE MUTUAL BUILDING AND LOAN ASSN. OF CHICAGO.

*Opinion filed December 16, 1903.*

APPEALS AND ERRORS—*when foreclosure decree must be sustained.* A foreclosure decree entered by default must be affirmed, on appeal, where it is warranted by the averments of the bill, which are sustained by the evidence and the findings of the master, to which no exceptions were taken.

*Dunfee* v. *Mutual Building and Loan Ass.* 101 Ill. App. 477, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

LLOYD G. KIRKLAND, for appellants.

F. WILLIAM KRAFT, for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

The record in this case discloses the following facts: Jonathan Dunfee, one of the appellants, being a member of the Mutual Building and Loan Association, which association is organized under the laws of the State of Illinois, procured a loan of $3800, to secure the payment of which, he, jointly with his wife, Virginia Dunfee, executed a bond, further secured by a mortgage upon certain real estate, in favor of appellee. The contract between the parties, as evidenced by said bond and mortgage, contained the customary provision stipulating for the prompt payment of the principal, interest, premium, and any fines levied or becoming due according to the by-laws of the association; that in the event of default in the payment of such installment of principal, interest or premium for six months, then the whole of the indebtedness thereby secured might, at the option of the association, become immediately due and payable, and that an

attorney's fee of ten per cent should be added in case legal proceedings should be instituted on said bond and mortgage. A breach of the condition of said bond and mortgage having occurred by reason of default in payment of dues and interest, a bill was filed by appellee in the superior court of Cook county, in which proceedings appellants and Ellis B. Fitch were defendants. The bill sets up in detail the making of said loan, the execution of the bond and mortgage, (fully describing them,) with the specific averment "that there now remains due and unpaid on account of the said indebtedness the amount of said loan, interest on the same, fines levied on said stock, and attorney's fees, as above set forth." Appellants did not appear but allowed their defaults to be entered. Ellis B. Fitch entered his appearance and filed an answer making a general denial but did not set up any new matter. Replication was filed and the cause referred to a master in chancery, and a report was made by the master recommending a decree for sale, as prayed in the bill. The court entered a decree for sale which recited, *inter alia*, that it was entered upon the bill of complaint taken as confessed by said Jonathan Dunfee and Virginia Dunfee, the answer of Ellis B. Fitch, the replication thereto and the report of the master. A writ of error was sued out of the Appellate Court by Jonathan and Virginia Dunfee to review the record made by the trial court, and upon a hearing in the Appellate Court a judgment was entered affirming the decree, and an appeal is prosecuted to this court.

The only error assigned is of the Appellate Court affirming the decree of the superior court and in not reversing and remanding the cause.

The only proposition argued by appellants is that the judgment is too large; that the chancellor should have reduced the amount of the decree $144.40 on account of fines erroneously assessed; also the solicitor's fee of $346.47 and premium of $700, making a total of $1250.87

claimed by appellants as being in excess of what the decree should have been.

The bill alleges that Jonathan Dunfee applied to and obtained a loan of $3800, and further alleges that the by-laws of said association provide that every member should pay a fine of five cents per share for each delinquency in the payment of monthly installments and ten cents per share for each delinquency in the payment of interest, and that the fines should be doubled at the expiration of six months; that said mortgage provides, in the event of its foreclosure, for an addition to the amount of indebtedness of ten per cent of said principal, interest and costs for solicitor's fees; that there now remain due and unpaid, on account of said indebtedness, the amount of said loan, interest on the same, fines levied on said stock, and attorney's fees, as above set forth.

The master's report shows the whole of the principal amount of $3800 due and unpaid, and fines for non-payment of interest and installments to the amount of $144.40, and further finds that the mortgage provided for ten per cent additional to the amount of the indebtedness for attorney's fees, which amount would be $346.47, and recommended a decree of foreclosure in accordance with the bill and findings. No exceptions were made to the master's report, and the decree is in accord with the findings of the master. "Under a decree *pro confesso* a defendant cannot, on error, allege the want or insufficiency of the testimony, or the insufficiency or amount of the evidence that may have been heard by the court entering the decree. Where the defendants are persons not under disability, and a default is entered, a decree *pro confesso* follows as a matter of course. Such decree, if warranted by the averments of the bill, is unassailable." (*Monarch Brewing Co.* v. *Wolford,* 179 Ill. 252; *Roby* v. *Chicago Title and Trust Co.* 194 id. 228.) The averments of the bill are supported by the findings of the master and the evidence supports the master's findings, and the de-

cree being in accord with the averments of the bill, and such averments being sufficient to authorize the decree, we would not be warranted in reversing the decree.

Appellants' contention that the decree should be reversed for the reason $700 included in the decree was the premium bid by him at the time the loan was granted and was deducted from the principal sum by the association and never received by him, is a matter that rests *in pais*, and appellants having made default the question is not open for our consideration.

Finding no error in the record the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*