HENRY L. GLOS *et al.*

*v.*

JOHN G. SHEDD.

*Opinion filed October 24, 1905—Rehearing denied Dec. 12, 1905.*

1. APPEALS AND ERRORS—*what is not a sufficient abstract of record.* An abstract of record in which thirty-nine pages of evidence are abstracted in less than four pages, without any of the exhibits being abstracted, but only reference to the record being made with respect thereto, is not sufficient, and it will be presumed in such case the chancellor heard sufficient evidence to support the decree.

2. COSTS—*when court of equity may tax costs to the defendant.* Costs may be properly decreed against a defendant who insists upon making costs and remaining a party to a chancery proceeding after he has disclaimed all interest and could have been dismissed from the case on his own motion, his whole intention being to hinder and delay the proceeding.

3. DEFAULT—*when court is justified in treating decree pro confesso as binding.* If no effort is made to vacate a decree *pro confesso* after the appearance of the party by his attorney, the court is justified, when rendering a final decree, in treating the decree *pro confesso* as binding.

4. SAME—*insufficiency of evidence not an available objection under decree pro confesso.* Under a decree *pro confesso* a defendant cannot, upon appeal or writ of error, urge as ground for reversal the insufficiency of the evidence or amount of evidence heard by the court entering the final decree.

5. TAXES—*reimbursement not necessary if the taxes had been paid.* If the taxes for which land was sold had been in fact paid by the owner in possession the tax sale is void *ab initio,* and it is not essential to the setting aside of the sale that the purchaser be reimbursed for the amount paid out by him.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. F. A. SMITH, Judge, presiding.

Defendant in error, John G. Shedd, filed a bill in chancery October 1, 1901, in the circuit court of Cook county, against plaintiff in error Henry L. Glos, to set aside a tax deed issued to him by the county clerk May 5, 1899. A summons was issued and on October 2, 1901, served upon

218 - 14

Glos. A quit-claim deed purporting to have been executed August 30, 1901, by Glos and wife, conveying.to R. S. Barber land described in complainant's bill, was placed on record on October 1, 1901, at 3:00 P. M. Plaintiff in error Glos entered his appearance October 22, 1901, by Enoch J. Price, his solicitor, and without disclaiming, filed on November 11, 1901, a general demurrer to the bill. On May 26, 1902, Glos filed his answer, in which he denied that the defendant in error was the owner, in fee simple or otherwise, of the lot described in the bill of complaint; denied that the defendant in error was in the actual or exclusive possession of the same or any part thereof; alleged that on the 12th day of November, 1896, the premises were sold for taxes for the year 1895 and purchased by him, and that on the 5th day of May, 1899, a tax deed was made to him by the county clerk of Cook county, and that said tax deed was recorded June 29, 1899, in the office of the recorder of Cook county, and that said tax deed conveyed to him a good fee simple title to said real estate, etc.; denied that said tax deed was null and void or a cloud upon the title of defendant in error; alleged that on August 30, 1901, he and his wife executed and delivered a quit-claim deed to said R. S. Barber for said land, and that on the first day of October, 1901, said quit-claim deed had been filed for record in the office of the recorder of Cook county, and disclaimed any right, title or interest in said property whatsoever, and concluded with the usual prayer that the bill be dismissed.

After the disclosures in the answer filed by Glos, the defendant in error, on June 26, 1902, by leave of the court, filed an amendment to his bill, making R. S. Barber a party defendant and praying process of summons against him. He alleged in the amended bill that on March 7, 1901, he became the owner in fee simple of the property in question, and that he held title to the same by a deed from George R. Elliott of that date; that said Elliott purchased and became seized of the premises in fee simple on April 21, 1891, by a

deed of conveyance from one Norman and wife; that said Elliott, ever since April 21, 1891, down to March 7, 1901, was in the actual possession of said premises as the owner in fee thereof, and had paid all the taxes and assessments thereon as the same became payable, down to the date of conveyance to defendant in error, and that ever since the conveyance to him he has been, and is now, in the actual possession of said premises and has paid all taxes assessed thereon as they became due and payable; that the taxes assessed in the year 1895 were paid by said Elliott, then in possession of said premises; that the premises were sold on the 12th day of November, 1896, for the taxes assessed upon the same for the year of 1895, by virtue of the judgment rendered at the July term, 1896, to plaintiff in error Glos, and a tax deed was made May 5, 1899, by the county clerk to said purchaser and filed for record June 29, 1899, in the office of the recorder; that said deed was issued upon affidavits and notices and duplications of notices which were fraudulent and void, and that no notice of the sale or purchase or of the right or time of redemption therefrom was ever given or caused to be given to the said Elliott, the owner of said premises and the person occupying the same, and that for the foregoing reasons the tax deed is fraudulent and void and a cloud upon complainant's title to said premises, etc., and he asked that the same be set aside and be declared to be null and void; that notwithstanding the sale, and proceedings of the county court thereon, of said premises was void and that notwithstanding said tax sale is fraudulent and void, complainant, on the 30th day of September, 1901, offered to pay to said Glos the amount of said sale, taxes, interest and costs accrued and accruing down to September 30, 1901, and was ready and willing to pay the same; that the said Glos appeared at the time to be the only person of record to whom said amount of sale and interest and costs were properly payable and tenderable, and that said Glos declared that he had conveyed the interest acquired

by him in said premises and was no longer the owner thereof at the time of said tender, notwithstanding he appeared of record as such owner; that said Glos for the first time on June 5, 1902, wrongfully and fraudulently gave out that he had conveyed and quit-claimed said premises on August 30, 1901, to one R. S. Barber, and that said deed was recorded October 1, 1901, and that it appears that said deed was filed at 3:00 P. M. on said date. The complainant charges that said deed was fictitious and fraudulent, and was made without any consideration and for the fraudulent purpose of hindering and delaying the complainant in obtaining the relief in and by said bill, etc.; alleges that he made diligent effort to ascertain the residence of said R. S. Barber so that process could be served upon him, and was unable, upon diligent inquiry, to ascertain the same, and charges that R. S. Barber is a fictitious and not a real person, etc. The bill as amended concluded with the usual prayer.

On June 28, 1902, the amended bill was demurred to and the demurrer overruled, and upon motion it was ordered that the answer to the original bill stand as the answer to the bill as amended. The cause was referred to the master in chancery to take proofs of the material allegations in the bill contained, and report the same, together with his conclusions on the law and the evidence, to the court. Default was entered as to defendant Barber on November 29, 1902, before the reference was made to the master. The default of Barber was entered upon a publication of notice which was defective, but no motion was made by counsel for Barber at any time to set aside the default. On April 6, 1903, E. J. Price, counsel for Glos, entered the appearance of R. S. Barber and his own appearance as solicitor for Barber. Barber was not, at any time during the proceedings, personally present. No application was made by Barber to the court to set aside the default or for leave to answer in the cause.

The testimony having been taken before Master Cooper, was on April 16, 1903, filed by him in the circuit court, to-

gether with his report, findings, conclusions and recommendations. Attached to the report of the master in chancery appear objections in behalf of R. S. Barber to the report, which are signed by E. J. Price, solicitor for Barber, and were overruled by the master April 10, 1903. On April 20, 1903, E. J. Price, solicitor for Glos and Barber, filed exceptions to the master's report in the circuit court in pursuance of leave granted by the court April 16, 1903.

At the May term, 1903, of the circuit court the cause came on for hearing June 2, 1903, and a decree was entered in favor of complainant thereto upon answer of the defendant Glos, and the replication of the complainant to said answer, "and the default of the defendant R. S. Barber to said original and amended bill," and the master's report of the testimony taken and reported and filed April 16, 1903, and the documentary evidence filed therewith, and the exceptions to said report filed by defendants, Glos and Barber, by E. J. Price, their solicitor. The court overruled all of the exceptions, approved the report of the master, and found that the court had jurisdiction of the complainant and each of the defendants and of the subject matter of the suit, and that on March 7, 1901, complainant, Shedd, became the owner in fee simple of lot 11, block 4, etc.; that he derived title to the same by a deed duly executed and acknowledged by George R. Elliott, for a good and valuable consideration, on March 7, 1901, recorded March 12, 1901, in the office of the recorder of Cook county; that ever since that date complainant has been, and is now, in the actual possession of all said premises and has paid all the taxes assessed thereon from said time; that Elliott became seized in fee simple of said real estate April 21, 1891, by a deed from Norman and wife, recorded June 2, 1891, in the office of the recorder of Cook county; that said Elliott remained in the actual possession of said premises from April 21, 1891, and paid all taxes and assessments thereon, of every kind and character, down to March 7, 1901; that the sale of said premises on November

12, 1896, for taxes assessed thereon in 1895, was illegal and void, and the deed issued to defendant Glos on May 5, 1899, by the county clerk, and recorded in the office of the recorder, was and is void and a cloud upon the title of the complainant to said premises; that the notices required to be served and the affidavits to be made of the sale and expiration of redemption were not made and served upon the owner and occupant, as required by the constitution and statutes, and that said Elliott, the owner of the premises at the time, had no notice of the sale or the expiration of redemption, as required by the statute; that the tax deed depreciates the value of the premises and is a cloud upon the same, and should be declared null and void, etc.; that on September 30, 1901, defendant Glos appeared of record as the owner of the tax title appearing on said premises, and on said day complainant caused to be tendered to said Glos the amount of the tax sale and lawful interest thereon down to September 30, 1901, believing that he was the person to whom said tender should be made, and that said Glos thereupon declared that he had conveyed the interest acquired by said tax deed and was no longer the owner thereof; that afterward complainant filed his original bill; that defendant Glos appeared in court by E. J. Price, his solicitor, and filed a demurrer to the bill, which was on May 26, 1902, overruled by the court; that said Glos afterwards, on June 5, 1902, filed his answer in the cause, "in which he disclaimed ownership of said premises, and answered that he had conveyed all his interest in said premises August 30, 1901, to one R. S. Barber, and that said deed was recorded in the office of the recorder of Cook county, Illinois, October 1, 1901." The court found also said deed was filed for record October 1, 1901, at 3:00 P. M.; that on the same day, at 1:00 P. M., the bill of complaint in this suit was filed and summons issued on said bill and placed in the hands of the sheriff for service at 2:06 P. M., October 2, 1901, and served upon the defendant Glos on October 2, 1901; that the act of defend-

ant Glos in placing the deed on record October 1, 1901, after the tender to him on September 30, 1901, and his defense to this suit interposed by demurrer and answers, were wrongful, vexatious and fraudulent, and hindered and prevented the complainant from speedily prosecuting his suit and obtaining the speedy relief to which he was, in equity, entitled. The court further found that said Glos, by his solicitor, appeared before the master in chancery, interposed objections to the proof offered by the complainant, cross-examined witnesses and obtained divers postponements of the examination of witnesses, filed objections to the report of the master, and obstructed and hindered the complainant unnecessarily, wrongfully and fraudulently in obtaining the relief sought by his suit and the prosecution and maintenance of the same, contrary to equity, and occasioned and necessitated the incurrence by complainant, and the expenditure in his behalf, of witness fees, master's fees and divers costs and sums of money; that the said Glos is, and ought to be, estopped from insisting upon or claiming any right or interest, in law or equity, to any sums of money paid by him under said tax sale in purchasing said premises or in procuring the tax deed issued thereon or the interest accrued thereon under the statute, and is not entitled, in equity, to have or claim the same, or any part thereof, and that the equities of this case are with the complainant. The court further found that said Barber was duly notified of the suit and the pendency thereof and the proceedings therein; that he neglected to appear in court in person or by solicitor and suffered a default to be entered against him, confessing the allegations of the original bill and the amended bill, and particularly that the sale of said real estate for taxes November 12, 1896, for the year 1895, was void for the reason that said taxes for said year had been paid before the sale by George R. Elliott, then the owner in possession of said premises; that the tax deed issued on May 5, 1899, was null and void, and that the deed purporting to have been executed by Glos on

August 30, 1901, conveying said premises to Barber, and filed for record October 1, 1901, at 3:00 P. M., was fictitious and fraudulent and was made without any consideration, for the sole and fraudulent purpose of hindering and delaying the complainant in obtaining the relief prayed in and by his said bill, and that said deed was put on record by said Glos after he learned complainant intended to file his said bill for the purposes set forth in said bill; that said deed is fraudulent and void and of no effect, and is a cloud upon the title of the complainant on said premises and ought to be removed therefrom; that said Barber is not entitled to and has not made any claim in this proceeding to any taxes, legal costs or interest paid in procuring said tax deed, and has not claimed or proved in this proceeding the payment of any taxes or legal costs in procuring any such deed or any right or title thereto, and is concluded therefrom by the default heretofore entered.

The court decreed that the sale of the premises for taxes in pursuance of a judgment in the county court, and the tax deed contained therein to Glos and recorded June 29, 1899, and the deed by Glos and wife on August 30, 1901, to Barber and recorded October 1, 1901, were each null and void and of no effect, and that Glos and Barber, and their heirs and assigns, be forever enjoined from insisting upon, asserting, claiming or maintaining any right, title, interest or claim in and to said premises, or any part thereof, by reason of said judgment, tax sale and tax deed issued thereon, and deed from Glos and wife to Barber. The court further adjudged and decreed that neither Glos nor Barber recover any costs in the proceedings, and found that the fees and compensation charged and reported by the master for his services under the order of reference were lawful and proper, "and that said fees and charges were necessary, and vexatiously occasioned by the defendant Henry L. Glos, and the complainant, in equity, is entitled to be reimbursed as to said amount of fees and costs." The court adjudged and decreed

that said fees of said master be allowed and ordered taxed as costs in the case, and that complainant have and recover of and from defendant Glos such amount of fees and costs, and ordered the defendant Glos to pay complainant the same within ten days, and in default ordered that the complainant have execution therefor.

ENOCH J. PRICE, for plaintiffs in error.

JAMES R. WARD, and WILLIAM G. FORREST, for defendant in error.

Mr. JUSTICE RICKS delivered the opinion of the court:

Separate errors are assigned upon the record by Glos and Barber, by their attorney, Enoch J. Price, but all the errors are argued under one head. It is insisted that the record disregards all established practice, giving defendant in error a decree wiping out the tax title without reimbursement and assessing all costs against the tax buyer, Glos. It is also insisted that various allegations of the bill were found to be true by the decree when there was no evidence to support them, that Barber is not in default, and that it was error to take the bill *pro confesso* as to him. It is further insisted that if the default is held proper it should be reversed with directions to reimburse Barber for money paid for taxes and interest and his costs in the court below, and that as to Glos the decree should be reversed with directions to dismiss him with his costs.

The abstract filed in this court by plaintiffs in error is so meagre that it is impossible to determine whether or not the evidence was sufficient, in all respects, to sustain all the findings in the decree. Upon the margin of the pages in the abstract referring to the record it is shown that thirty-nine pages of evidence were taken by the defendant in error, complainant below, and abstracted in less than four pages, without any exhibits being abstracted, but the references to the record are simply as to such exhibits. This is not a compli-

ance with the rules of this court in abstracting a case, and as was said in *Illinois Nat. Bank* v. *Trustees of Schools,* 211 Ill. 506, "in the absence of such showing we must presume that the chancellor heard sufficient evidence upon which to base his findings and decree."

As to the plaintiff in error Glos, we think the court was justified in decreeing the costs against him. There can be but little doubt, from a review of this record, that Glos' whole scheme was to delay and hinder the proceedings in this case. After answering, and, as he contends, disclaiming any interest whatever, he insisted upon going before the master and introducing evidence, and before filing the disclaimer he filed a demurrer both to the original and amended bills, and interposed before the master in chancery objections and made defenses which he had no right to interpose. Under these conditions a court of equity is justified in taxing the costs to the party who insists upon making the costs and remaining a party to the proceeding when he could have been dismissed from the cause upon his own motion. A court of equity is justified in going to extremes to mete out justice when such practices are resorted to as are shown by this record, to delay and hinder its proceedings. No one can read this record without becoming convinced that the transfer quit-claim to Barber,—if there was, in fact, such a person as Barber,—was but a scheme to annoy the complainant. We think the decree is equitable, in all respects, in its findings in reference to Glos.

As to the objections interposed by the plaintiff in error Barber, no effort was made to obtain a vacation of the decree *pro confesso,* and after his appearance by attorney the court was justified in treating the decree *pro confesso* as binding and conclusive against him at the time it entered the final decree. (*Staunton Coal Co.* v. *Menk,* 197 Ill. 369; *Andrews* v. *Campbell,* 94 id. 577; *Ryder* v. *Twiss,* 3 Scam. 4.) He never appeared in person to testify before the master or object to the decree defaulting him. No answer was·set

up by him claiming any interest in the premises under the deed from Glos to him or the tax deed to Glos, nor was any money claimed or reimbursement asked for taxes paid, etc. So far as Barber is concerned the decree is in accord with the averments in the bill, as will be seen from the allegations of the bill and the findings of the decree as set forth, and as was said in *Dunfee* v. *Mutual Building Ass.* 206 Ill. 133: "Under a decree *pro confesso* a defendant cannot, on error, allege the want or insufficiency of the testimony, or the insufficiency or amount of the evidence that may have been heard by the court entering the decree. Where the defendants are persons not under disability, and a default is entered, a decree *pro confesso* follows as a matter of course. Such decree, if warranted by the averments of the bill, is unassailable,"—citing *Monarch Brewing Co.* v. *Wolford,* 179 Ill. 252, and *Roby* v. *Chicago Title and Trust Co.* 194 id. 228.

The decree finds that the taxes for the year 1895, and for which the sale was made upon which the Glos deed is predicated, were in fact paid by Elliott, the then owner of the land and who was at that time in possession of the same. If this finding in the decree be true, as we must assume it is under the state of this record, the sale was illegal and void *ab initio.* (*Perkins* v. *Bulkley,* 166 Ill. 229.) It was not in contemplation of the statute or the requirements of equity that defendant in error, in order to remove the cloud of such void sale, should reimburse any person for the taxes which had already been paid by the owner and for which the land was illegally sold. The statute is, that the holder of the tax deed should be reimbursed for all taxes, legal costs and penalties as shall have been properly paid. (Hurd's Stat. 1903, chap. 120, sec. 224.) If the taxes were paid by the owner before the sale then there was no delinquency, and the alleged purchaser, Glos, did not properly pay any taxes within the contemplation of the statute, and was not entitled to be reimbursed for any payment so made. *Wilmerton* v. *Phillips,* 103 Ill. 78; *Langlois* v. *Cameron,* 201 id. 301.

We are unable to find any error that would justify a reversal of the decree as entered by the chancellor. The decree is equitable in all respects under the conditions appearing from this record, and it is accordingly affirmed.

*Decree affirmed.*