## JACOB GLOS *et al.*

*v.*

## KATERINA PTACEK.

*Opinion filed February 21, 1907—Rehearing denied April 4, 1907.*

1. CLOUD ON TITLE—*prima facie title in complainant is sufficient in absence of countervailing proof.* Upon a bill to set aside a tax deed as a cloud upon title, proof of possession by complainant's husband under a deed purporting to convey title, coupled with a devise of the property to complainant by her husband's will, is sufficient proof of title, there being no countervailing proof.

2. SAME—*when property is properly treated as unoccupied.* Unimproved lots which were once fenced in, but which, at the time of the filing of the bill, are open to the public, the fence having been torn down and some of the boards thrown on the ground and used for a walk across the lots, are properly treated as unoccupied.

3. COSTS—*when the defendant is liable for costs—tender.* The holder of a tax deed who accepts a tender of sufficient amount for his two-thirds interest, but who refuses to make a conveyance, as demanded, when the tender is made, and appears and contests the bill to cancel such tax deed, and other conveyances based thereon, as clouds upon complainant's title, is properly required to pay two-thirds of the costs, where the relief prayed in the bill is granted.

APPEAL from the Superior Court of Cook county; the Hon. W. M. McEWEN, Judge, presiding.

JACOB GLOS, *pro se,* (JOHN R. O'CONNOR, of counsel, and for Emma J. Glos.)

CHARLES A. CHURAN, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

The superior court of Cook county entered a decree declaring a certain tax deed to the appellant Jacob Glos, and a quit-claim deed from the appellant Jacob to his co-appellant, Emma J. Glos, his wife, purporting to convey lots 37 and 38 in Weddell & Cox's subdivision in Chicago, and also a trust deed executed by said Jacob Glos to one A. A. Timke, to be

clouds on the title of the appellee to said lots, and decreeing that said deeds and said trust deed be canceled. This appeal asks reversal of the decree on three alleged grounds, viz.: First, that the proofs did not sufficiently establish that the appellant had title to said lots; second, that the proofs did not show the lots were vacant and unoccupied, as alleged in said bill; third, that the decree improperly assessed two-thirds of the costs against the appellant Jacob Glos.

It was proven that Albert Ptacek, husband of the appellee, on July 21, 1891, received a conveyance of the lot from Matiz Kalor; that the lots were then enclosed by a low board fence; that Albert Ptacek entered upon the lots and placed a sign thereon, "For sale by Albert Ptacek," and paid the taxes thereon for the years 1891, 1892, 1893, 1894, 1895 and 1896, and also a special assessment for the year 1897; that subsequently, on the 14th day of February, 1898, Albert Ptacek died, leaving a last will and testament, by which he devised the two lots to appellee.

Proof of the possession by Albert Ptacek, with claim of ownership, constituted *prima facie* proof of title in fee in him, (*Barger* v. *Hobbs,* 67 Ill. 592; *Harland* v. *Eastman,* 119 id. 22;) and the devise from him to appellee invested her with the requisite *prima facie* title to maintain a bill to remove a cloud. (*Glos* v. *Kingman & Co.* 207 Ill. 26.) There was no countervailing proof of title, and therefore the court did not err in holding the evidence on that point to be sufficient.

While it appeared that at one time the lots had been enclosed with a fence and were in the possession of Albert Ptacek and his grantor, Kalor, the proof further shows that the fence had been allowed to fall into decay, and some of the boards had been taken by unknown parties from the fence and thrown on the ground and used as a walk across the lots, and that there was no fence around the lots when the bill was filed; that at that time the public passed over the lots, and that the appellee had never in any way used

or occupied them. The lots were properly regarded by the court as unoccupied property.

The court did not err in requiring Jacob Glos to pay two-thirds of the costs. He received a tax deed for the lots and conveyed one-third thereof to his wife, Emma J. Glos. It was proven that prior to the filing of the bill Jacob Glos was tendered and accepted $50 for such interest as he had in the lots; that this sum exceeded the amount to which he would otherwise have been entitled to reimburse him for two-thirds of the amounts bid at the tax sale of the lot, for taxes and all subsequent taxes by him paid and all interest and costs. He did not disclaim but filed an answer in his own behalf, denying that appellee was the owner of the lots or was entitled to the relief. The appellee was allowed to amend her bill and he then filed a demurrer to the amended bill, and when the demurrer was overruled asked that his answer to the original bill should stand as an answer to the bill as amended. He appeared at the hearing, presented objections to the admission of testimony and offered tax receipts in evidence and gave testimony as a witness in support of his answer. The tender made to him was accompanied with a demand for a re-conveyance of the lots. He declined to execute a quit-claim deed to the appellee for them and so advised the appellee, but he indicated a willingness to receive the money in full of his interest, and it was paid to him and he accepted it. If he had refused to accept the tender and the appellee had repeated the tender in her bill and kept it good by bringing the money into court, he would have been properly subjected to the payment of costs. (*Gage* v. *Goudy,* 141 Ill. 215, and cases there cited.) As he accepted the money, his position was in nowise different from that which he would have occupied had he refused the tender and it had been kept good by the appellee. This consideration, together with the course pursued by him in defending the suit for the evident purpose of merely hindering and delaying the appellee and increasing the costs of the proceeding, justified the

decree for costs against him. This was, in principle, so held in *Glos* v. *Shedd*, 218 Ill. 209. Emma J. Glos and A. A. Timke, the trustee, were exempted from the payment of all costs by the decree, the appellee being required to pay all costs except the portion thereof assessed against the appellant Jacob Glos.

The record is free from error and the decree must be affirmed.

*Decree affirmed.*