CELIA LAWRENCE, Appellee, *vs.* LOUIS LAWRENCE *et al.* Appellants.

*Opinion filed October 26, 1912.*

WILLS—*when a devise of the "home farm" passes title to misdescribed tract.* Where the testator's home farm consists of 160 acres in one section and 40 acres in another, a devise of the "home farm, * * * containing in all 200 acres, more or less," etc., will pass title to both tracts, even though the testator, in attempting to give their particular description, correctly described the 160-acre tract but described a 40-acre tract which he did not own. (*Graves* v. *Rose,* 246 Ill. 76, distinguished.)

APPEAL from the Circuit Court of Kankakee county; the Hon. CHARLES B. CAMPBELL, Judge, presiding.

COOPER & HOBBIE, for appellants.

ALEXIS L. GRANGER, for appellee.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

The circuit court of Kankakee county held, in a suit to construe the will of Louis Lawrence, deceased, that the forty acres of land in controversy in this case, being the east half of the west half of the south-west quarter of section 29, town 32, north, range 12, east of the third principal meridian, passed by the following clause in the will:

"*Second*—I give and devise to my wife, Louise Margaret Lawrence, the home farm, known as the north-west quarter of section No. 32, in township No. 32, range 12, east, in Kankakee county, and State of Illinois; also the south-east half of the south-west quarter of section 29, in township 32, north, range 12, east, in the county and State aforesaid, containing in all two hundred acres, more or less, to her for her natural life. After her death I give the whole of the described property to my son Oliver Lawrence, to him and his heirs, all the hereditaments and appurtenances thereunto belonging, and to assigns and administrators forever."

Louis Lawrence died on January 5, 1890, and his will was admitted to probate. He owned the forty acres of land in controversy and no other land in the south-west quarter of section 29. He also owned the north-east quarter of section 31 and the north-west quarter of section 32. The latter quarter section was bought of a man named Paradis, was known as the Paradis farm, and was devised by the third clause of Louis Lawrence's will to his son Joseph, by the description of "the north-east quarter of section 31, containing one hundred and sixty acres, known as the Paradis farm, in township of Manteno." The testator lived upon the north-west quarter of section 32, and farmed it together with the forty acres in section 29, which lay across the road north of the land in section 32. A neighbor who had lived upon an adjoining farm for fifty

years testified that the testator did not farm or operate any other farm in the neighborhood that the neighbor knew of, from which we infer that the land in section 31 was in the actual occupation of some other person, as tenant or otherwise. The testator's widow, Louise Margaret Lawrence, occupied the two hundred acres, including the forty in controversy, after the testator's death until her death, in 1900, when the son Oliver Lawrence succeeded to the possession. In 1903 he conveyed the forty acres to the appellee, Celia Lawrence, who was his wife, and afterward he died. Before the conveyance to his wife he had obtained from several of his father's heirs quit-claim deeds for the land but others refused to convey, and on November 10, 1911, the appellee filed her bill for the construction of Louis Lawrence's will. The heirs who had not conveyed insisted that the forty acres in section 29 did not pass by the will to Oliver Lawrence. They filed a cross-bill for the partition of this tract, and two of them have appealed from the decree, which was in favor of the complainant in the original bill.

From the foregoing statement of facts there is no reason to doubt the correctness of the decree. The testator owned two farms, one of which he occupied and farmed himself, the other of which he did not personally occupy. The latter he devised, by a sufficient description, to his son Joseph. The home farm, containing two hundred acres, he devised to his wife for life with remainder to his son Oliver. If the forty acres in section 29 were a part of the home farm they passed by this devise, even though, in attempting to describe the forty particularly, the testator failed to do so but described another tract. (*Emmert* v. *Hays,* 89 Ill. 11; *Morrall* v. *Morrall,* 236 id. 640.) That the forty acres were a part of the home farm is clear. They were contiguous to and were farmed with the land in section 32, on which the testator lived, and are necessary to make up the two hundred acres which the testator

declared were contained in the home farm. All his other land was otherwise disposed of.

It is argued on behalf of the appellants that by the language of clause 2 of the will the home farm is described as being in section 32, and that to the devise of the home farm is added another tract connected with the preceding devise by the word "also," the two devises together containing two hundred acres. In the light of all the circumstances there can be no doubt of the testator's meaning. He devised the home farm and undertook to describe the tracts composing it, introducing the particular description by the words "known as," and joining the descriptions of the various tracts by the conjunctive "also." If the two tracts had not, in fact, constituted the home farm the appellants' argument would apply, but since they did constitute the home farm it is clear that the testator merely added an element of description which proved to be false.

The case of *Graves* v. *Rose*, 246 Ill. 76, is cited as bearing on the controversy here, but it, and the like cases in this court which it cites, have no application here. In that case there was but one description. It was unambiguous but it was wrong, and parol evidence was held inadmissible to correct the mistake. In this case there is a perfectly good description of the land by which it may be identified without any reference to the government survey, and errors in attempting to further describe the land by reference to such survey do not vitiate the good description. *Myers* v. *Ladd*, 26 Ill. 415; *Allen* v. *Bowen*, 105 id. 361; *Huffman* v. *Young*, 170 id. 290.

The appellants offered testimony as to the mental capacity of the testator at the time of the execution of the will, but it was properly rejected. Every will, when admitted to probate, is good and available for conveying the lands thereby devised, and the probate is binding and conclusive on all persons unless set aside in the manner provided by the statute.                    *Decree affirmed.*