(No. 11406.—Decree affirmed.)

CARY A. DANIEL *et al.* Appellees, *vs.* JAMES CRUSENBURY *et al.* Appellants.

*Opinion filed June 21, 1917.*

1. WILLS—*when false description may be rejected.* Where the general description in an instrument is sufficient to identify the property intended to be conveyed, the instrument will not be made void by false particulars which may be added but such false particulars of description will be rejected.

2. SAME—*false particular description may be rejected although it precedes general description.* A false particular description in a will may be rejected although it precedes the general description, where its insertion before the words of general description does not give a different meaning to the paragraph and where the devise is complete without the particular description.

APPEAL from the Circuit Court of Woodford county; the Hon. SAIN WELTY, Judge, presiding.

HERRICK & HERRICK, for appellants.

W. W. WHITMORE, and BARRY & MORRISSEY, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

The appellees, Cary A. Daniel and Mary B. Cook, as devisees under the will of Cary H. Hougham, filed their bill in the circuit court of Woodford county to construe the will and to quiet their title to certain lands in that county. From a decree granting the relief prayed for, some of the defendants have appealed.

The bill alleged that Cary H. Hougham died on September 13, 1891, leaving a will, which was admitted to probate by the county court of McLean county on October 7, 1891. The part of the will material to this controversy is as follows:

"*First*—I give and bequeath to my wife, Mary J. Hougham, the use of all my property, both personal and real estate, so long as she shall remain my widow, and at her death or marriage to be divided as follows:

"*Second*—At the death of my wife, Mary J. Hougham, I give and bequeath to my nephew, Cary A. Daniel, and my niece, Mary B. Daniel, the following described real estate: S. E. ¼ S. W. ¼, N. E. ¼ N. W. ¼, S. E. ¼ N. W. ¼, N.¾ N. E. ¼ S. W. ¼ and N. W. ¼ S. E. ¼ of section eleven (11); also middle part of S. E. ¼ S. E.¼ of section twelve (12); also S. W. ¼ N. E. ¼ of section fourteen (14), all in township twenty-five (25), range 1, west of 3d P. M., in the county of Woodford and State of Illinois, to be shared equally between them, share and share alike; and I request the said Cary A. Daniel and Mary B. Daniel to erect a monument over the grave of myself and wife to cost not less than one hundred and seventy-five ($175) dollars, same to be erected at the death of my wife. In case Cary A. Daniel or Mary B. Daniel dies without heirs before my wife dies, I wish the living one to have all the above described real estate.

"*Third*—I give and bequeath at the death of my wife, Mary J. Hougham, or at her marriage if she shall marry again, to S. C. Kirkpatrick, Cary T. Hougham and Cary

Stephens, son of Lewis Stephens, the following described real estate: Lots one (1), two (2) and the east twenty-five feet (25) of lot three (3), in block eleven (11), in the town of Danvers, in the county of McLean and State of Illinois, and also all the rest, residue and remainder of my personal property, of whatsoever kind or nature remaining at the death or marriage of my wife, Mary J. Hougham, to be divided equally between them, share and share alike."

At the time of his death the testator owned the southeast quarter of the southwest quarter of section 11 and the southwest quarter of the northeast quarter of section 14 mentioned in the second paragraph of the will, and the middle part of the southeast quarter of the southeast quarter of section 12, town 25, range 1, west, described as follows: Beginning 20 rods west of the southeast corner of the section; running thence west 28 rods; thence north 80 rods; thence east 28 rods; thence south 80 rods to the place of beginning. He did not own the northeast quarter of the northwest quarter, the southeast quarter of the northwest quarter, the northwest quarter of the southeast quarter or the north three-fourths of the northeast quarter of the southwest quarter of section 11, town 25, north, range 1, west, in Woodford county, or any part thereof, but at the time of the execution of the will and at his death did own such tracts and subdivisions in section 14, in said town, range and county. He owned 244 acres of land in Woodford county and the lots in McLean county described in the third paragraph of the will. He left no descendant or parent, but left a widow and a sister and the descendants of his deceased brothers and sisters as his heirs-at-law. The complainants contend that by the proper construction of the will they are entitled to all the land owned by the testator in Woodford county.

Mary J. Hougham, the testator's widow, died in 1915. The defendants are the testator's heirs, and their answer

admits the death of the testator, the execution and probate
of his will and his ownership of the southeast quarter of
the southwest quarter of section 11 and the southwest quar-
ter of the northeast quarter of section 14, as described in
the second paragraph of the will. They deny that he did
not own the tracts in section 11 mentioned in the will, but
admit that he owned corresponding tracts and subdivisions
in section 14 and the part of the southeast quarter of sec-
tion 12 described in the will. Their claim is that the will
did not devise the property in sections 12 and 14, but that
as to that property Cary H. Hougham died intestate.

There is no contradiction in the evidence and no doubt
about the facts. Testator owned 230 acres of land in sec-
tions 11 and 14 in one body and the 14 acres in section 12
described in the bill and answer. There is evidence tending
to show that he also had the title to 8½ acres in another
section eight or ten miles away from the large tract and
of little value, which was occupied by some other person
and apparently abandoned by the testator. He owned no
other land in Woodford county, but he owned the lots in
McLean county described in the third paragraph of the will.
The controversy arises over the attempted disposition of
the Woodford county lands because of the failure of the
second paragraph of the will to describe accurately each of
the separate subdivisions. The testator in the first para-
graph, after the death or marriage of his wife, devised all
his property, both personal and real, to be divided as men-
tioned in the second and third paragraphs. The second
paragraph attempts to dispose of the Woodford county
property, and the third paragraph of the McLean county
property and the personal estate. It was clearly the inten-
tion of the testator to dispose of the 244 acres which he
owned in township 25, range 1, west of the third principal
meridian, in the county of Woodford, by the second para-
graph of his will, for he states that he devised all of his
property to be divided, and the Woodford county property

is mentioned only in the second paragraph. It cannot possibly be included in the third paragraph, and unless it passes by the second paragraph it cannot pass by the will at all. The various sectional subdivisions are stated correctly. The southeast quarter of the southwest quarter, the northeast quarter of the northwest quarter, the southeast quarter of the northwest quarter, the middle part of the southeast quarter of the southeast quarter, and the southwest quarter of the northeast quarter, are all descriptions which apply to his farm, and no one of them applies to more than one tract which he actually owned, but in the second paragraph they are misplaced as to the section. The question is whether enough appears in the language of the will to identify the land intended to be devised.

In Page on Wills (sec. 819, p. 376,) it is said: "Where testator describes the property devised by township, range, section and quarter section but does not locate it in the correct section or range, or the like, the weight of authority is that extrinsic evidence is admissible to show exactly what real estate the testator owned. Under this view, if he owns any real estate which corresponds, in part, to the description in the will, the court will reject the incorrect part of the description and will pass the realty conveyed by the correct description." From the many cases in which this principle has been applied we cite *Whitcomb* v. *Rodman,* 156 Ill. 116; *Huffman* v. *Young,* 170 id. 290; *Vestal* v. *Garrett,* 197 id. 398; *Pate* v. *Bushong,* 161 Ind. 533; *Merrick* v. *Merrick,* 37 Ohio St. 126; *Eckford* v. *Eckford,* 91 Iowa, 54; *Stewart* v. *Stewart,* 96 id. 620; *Moreland* v. *Brady,* 8 Ore. 303; *Riggs* v. *Myers,* 20 Mo. 239; *Winkley* v. *Kaime,* 32 N. H. 268; *Allen* v. *Lyons,* 2 Wash. C. C. 475; *Patch* v. *White,* 117 U. S. 210. The rule was stated in *Myers* v. *Ladd,* 26 Ill. 415, that "where there are two descriptions in a deed, the one, as it were, superadded to the other, and one description being complete and sufficient of itself, and the other, which is subordinate

and superadded, is incorrect, the incorrect description or feature or circumstance of the description is rejected as surplusage and the complete and correct description is allowed to stand alone." When the general description in an instrument is sufficient to identify the property intended to be conveyed, the instrument will not be made void by false particulars which may be added but such false particulars of description will be rejected. So in *Myers* v. *Ladd, supra,* a mortgage of property in the mortgagor's mill in Lancaster, in Timber township, when the mortgagor had no mill in Lancaster, was held to convey property which he had in his mill in Timber township, four miles from Lancaster. In *Allen* v. *Bowen,* 105 Ill. 361, a will devising "my house and lot in the town of Patoka, known and described as the north two-thirds parts of lot No. 19," was held to convey the testatrix's house and lot, being the north two-thirds of lot 12 which she owned while she did not own lot 19 or any other house and lot in Patoka. In *Emmert* v. *Hays,* 89 Ill. 11, the land devised was "one hundred and ninety-five acres of land in township 3, north, range 9, west of the third principal meridian, described as follows: Being 145 acres of the north part of the northwest quarter of section 9 and the northeast quarter of the northeast quarter of section 8, township 3, range 9, being what is known as the Hays farm." Part of the lands was located in a different section from that mentioned in the will, but the court held that the section might be rejected as surplusage and a sufficient description of the property remain. In *Lawrence* v. *Lawrence,* 255 Ill. 365, the description of the property devised was, "the home farm, known as the northwest quarter of section No. 32, in township No. 32, range 12, east, in Kankakee county and State of Illinois; also the southeast half of the southwest quarter of section 29, in township 32, north, range 12, east, in the county and State aforesaid, containing in all 200 acres." The only land the testator owned in the south-

west quarter of section 29 was the east half of the west half of the quarter, but it was a part of his home farm and the devise of the home farm was held to convey it, even though the testator, in attempting to describe it particularly, described another tract.

If the testator, after the death of his wife, had devised to the appellees all his real estate, to be divided as follows: The real estate in township 25, range 1, west of the third principal meridian, in the county of Woodford and State of Illinois, there could be no question that the appellees would take the property involved in this suit. This would be so even if to the general description had been added the words "described as follows" and the description had failed to describe the testator's property, for the false particular description would not have been permitted to vitiate the correct general description. The relative position of the two descriptions, however, does not affect the merits of the case or the validity of the devise. The insertion of the particular description, which was wrong, before the words of general description, does not give a different meaning to the paragraph from what it would bear if the words of general description had been inserted first and the particular description afterward. The devise was of the testator's real estate in township 25, range 1, west. Those words described the property and would have been sufficient to convey it. The attempted insertion of the particular tracts did not, by its failure to describe them correctly, make void the devise, which was complete without such particular description.

The conclusion of the circuit court that the devise conveyed the property described in the bill was correct, and its decree is affirmed.      *Decree affirmed.*